1   KAVEH KHAST
    7234 Encelia Dr.
2   La Jolla, California 92037
    Phone: (858) 250-7620
3

4   Plaintiff, In Pro Se

5

6

7               UNITED STATES DISTRICT COURT

8           SOUTHERN DISTRICT OF CALIFORNIA

9   KAVEH KHAST

10        Plaintiff

11   vs.

12   WASHINGTON MUTUAL BANK
    JP MORGAN CHASE BANK; CALIFORNIA
13   RECONVEYANCE COMPANY, and
    DOES, 1-10 INCLUSIVE`
14
            Defendants
15

16

17

18

19

20

21

22

23

24

**Case No 10 CV 2168 IEG JMA**

VERIFIED COMPLAINT FOR
DAMAGES FOR:

1. Violations of 15 U.S.C. 1601,
   Federal Truth in Lending Act.
2. Violations of 15 U.S.C. 1692
   § 808 (6)(a) Federal Fair Debt
   Collection Practices Act;
3. Violations of 12 U.S.C. 2601 et seq.
   Real Estate Settlement Procedures Act.
4. To Set Aside and Vacate Trustees Sale
   Under Cal. Civil Code § 3412
5. Unjust Enrichment;
6. Promissory Estoppel;
7. Action for an Accounting;
8. Breach of Implied Warranties
9. Injunctive Relief, Disgorgement
   Under California Private Attorney
   Generals Statute, Cal. Business & Prof.
   Code §17200;
10. Consumer Fraud;
11. Common Law Fraud;
12. Negligence;
13. Declaratory Relief
14. Application for TRO pending OSC for
    Preliminary Injunction

JURY DEMANDED

25     Plaintiff, KAVEH KHAST, brings this action against Mortgage Lenders, WASHINGTON

26  MUTUAL BANK, CHASE BANK, CALIFORNIA RECONVEYANCE COMPANY, and DOES,

27  1 through10, INCLUSIVE, to secure redress from predatory lending practices and unfair debt

28  collection practices.

1    Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending

2    Act, codified at 15 U.S.C. § 1601 et seq., (TILA), and implementing Federal Reserve Board

3    Regulation Z, 12 C.F.R. part 226, and for cancellation of a Deed of Trust after Sale.

4    Additionally, Plaintiff seeks redress under 15 U.S.C. 1692, et seq. for unlawful and unfair

5    debt collection practices and for violations of the Real Estate Settlement Procedures Act 12 U.S.C.

6    2601. Moreover, Plaintiff seeks injunctive relief and disgorgement under Cal. Bus. & Professions

7    Code § 17200 et seq. and implementing the California Private Attorney General Statute.

8                                    **JURISDICTION**

9    This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 15 U.S.C. §

10   1601 (TILA), 15 U.S.C. 1692, Fair Debt Collection Practices Act, 12 U.S.C. 2601, Real Estate

11   Settlement Procedures Act, (RESPA),  and, 28 U.S.C. § 1367 (supplemental jurisdiction).

12   Jurisdiction is additionally inferred under California Business & Professions Code § 17200 et seq.

13   Venue in this District is proper whereas Defendants, and each of them, transact business within the

14   jurisdiction of this Court.

15                                      **PARTIES**

16   1. Plaintiff, KAVEH KHAST, is an individual, and is and at all times herein mentioned was

17   a resident of the County of San Diego, State of California within the jurisdictional boundaries of this

18   Court. Plaintiff is the owner of real property commonly known as and located at 7234 Encelia Dr.,

19   La Jolla, California 92037, (hereinafter the "Subject Property"), which is situated within the

20   jurisdictional boundaries of this Court.

21   2.  Defendant, CALIFORNIA RECONVEYANCE COMPANY (hereinafter CRC), at all

22   times herein mentioned was  doing business in the County of San Diego, State of California and on

23   information and belief was hired by Defendant JP Morgan Chase Bank, (hereinafter CHASE), to

24   issue notices of default and other notices relating to the foreclosure of Plaintiffs' property.

25   3.  Defendant, WASHINGTON MUTUAL BANK, (hereinafter referred to as "WAMU"),

26   at all times herein mentioned was doing business in the County of San Diego, State of California as

27   a Mortgage lender, and this Defendant alleged to be the beneficiary under Plaintiffs note and ordered

28   the foreclosure of Plaintiffs real property.

1       4. Defendant, CHASE BANK, (hereinafter referred to as "CHASE ") , at all relevant times

2   herein mentioned was doing business in the County of San Diego State of California, and this

3   Defendant alleges to be the beneficiary under Plaintiffs Note and in concert with defendant WAMU,

4   is conducting the Foreclosure of Plaintiffs property.

5       5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

6   1 through 10, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff

7   will amend its complaint to show the true names and capacities of such fictitious Defendants when

8   they have been fully ascertained.

9       6. Plaintiff is informed and believes, and upon such information and belief alleges that, at

10   all times herein mentioned each of the Defendants sued herein in relation to the property they claim

11   an interest in was the agent and employee of each of the remaining Defendants thereof and at all

12   times was acting within the purpose and scope of such agency and employment.

13       7. Plaintiff alleges that Defendants, WAMU, and CHASE, are conducting a Trustee Sale and

14   and attempting to foreclose on Plaintiffs real property commonly known as, and located at, 7234

15   Encelia Dr., La Jolla, California 92037, the same property identified in Exhibit 1, ostensibly to

16   collect the unpaid balance on the Note secured by the security instrument that is identified in Exhibit

17       8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

18   1 through 10, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff

19   will amend its complaint to show the true names and capacities of such fictitious Defendants when

20   they have been fully ascertained.

21       9. Plaintiff is informed and believes, and upon such information and belief alleges that, at

22   all times herein mentioned each of the Defendants sued herein in relation to the property they claim

23   an interest in was the agent, or employee of and in concert with the remaining Defendant(s).

24                    **INTRODUCTION**

25       10.  Mortgage Fraud is defined as the intentional misstatement, misrepresentation, or

26   omission by an applicant or other interested parties, relied on by a lender or underwriter to provide

27   funding for, to purchase, or to insure a mortgage loan. Combating mortgage fraud effectively requires

28   the cooperation of law enforcement and industry entities.

1        11. No single regulatory agency is charged with monitoring this crime. The FBI, Department

2   of Housing and Urban Development-Office of Inspector General (HUD-OIG), Internal Revenue

3   Service, Postal Inspection Service, and state and local agencies are among those investigating

4   mortgage fraud. "The potential impact of mortgage fraud on financial institutions and the stock

5   market is clear. If fraudulent practices become systemic within the mortgage industry and mortgage

6   fraud is allowed to become unrestrained, it will ultimately place financial institutions at risk and have

7   adverse effects on the stock market." -Chris Swecker, former FBI Assistant Director, Criminal

8   Investigative Division, Introductory Statement: House Financial Services Subcommittee on Housing

9   and Community Opportunity, 7 October 2004.

10               **Application of Unique Law to this Case is Warranted**

11        12. Cal Bus Prof Code 17200, is perhaps the only mechanism that can both force the

12   disgorgement and enjoin further conduct which loots California residents of hundreds of millions

13   of dollars annually by Wamu/Chase alone. Accordingly, Plaintiff, absent being forced to devote his

14   resources to investigating the fraud perpetrated at the inception of the financing triggered by the

15   second stage fraud. This second stage fraud occurred when Wamu/Chase instructed Plaintiff to

16   purposely default on his mortgage loan so he could qualify for a loan modification and immediately,

17   recorded a Notice of Default and proceeded with foreclosure.

18        13. The fact that there was more than $100,000.00 of equity in property was clearly a

19   motivating factor but as evidenced in the admission by Wamu detailed in the 300 page complaint

20   filed against WAMU by its stockholders, that mortgages were not the core of Wamu's profit center,

21   rather, mortgage fraud was the core. And such fraud has served as the key to the Court house for

22   Wamu.

23        14. Mortgage fraud is a relatively low-risk, high-yield criminal activity which is accessible

24   to many, however Plaintiff asserts that Wamu took it to a new level rendering fraud the key to

25   generating fees and placing homeowners like Plaintiff on a track to foreclosure from day one. How

26   a large powerful bank like WAMU place homeowners on a path to foreclosure form the date of

27   financing is simple:

28   /././

1    a) First, they issued fraudulent property appraisals as detailed in the admissions on ABC by

2    the WAMU's top officers and directors and as detailed in the 300 page complaint aforementioned.

3    b)    Second, in an attempt to strip issuing the loans Wamu would routinely violate

4    RESPA, TILA, together with inflating the Notary costs by 900%.

5    For example, Cal.Gov.Code § 8211, I pertinent part, states that fees charged by a notary

6    public for the following services shall not exceed the fees prescribed by this section:

7    "For taking an acknowledgment or proof of a deed, or other instrument, to include
     the seal and the writing of the certificate, the sum of ten dollars ($10) for each
8    signature taken."

9    15. Despite the above, Defendants charged Plaintiff 100.00 for his signature. This alone,

10   sought under 17200 for disgorgement and injunction from further acts trumps the amount in

11   controversy in the foreclosure action (even assuming the entire note was valid, due and owing by

12   more than 100,000,000.00 million dollars.)

13   16. With full cognizance that "class actions" are all but barred by the generally flocked to

14   Respa statutes, as these statutes, due to their limitation, have short statute of limitations.

15   Nevertheless, through their continuing fraud and failure to reverse these charges, and continuing to

16   amortize these illegal costs into each loan payment, Wamu tolled the statue of limitations.

17   17. Plaintiff asserts that by looting the tens of thousands of California homeowners for

18   notary fees in excess of 900% of their statutory amount, there no more objective evidence that

19   Plaintiffs claim on behalf of himself and as the private attorney general needs to be decided (as well

20   as the others), which combined with the others well exceeds the amount Wamu claims to be in

21   controversy.

22   **STATEMENT OF FACTS**

23   18. Plaintiff realleges and incorporates by reference all of the paragraphs as fully set forth

24   above.

25   19.   On or about April 11, 2006, Plaintiff entered into a mortgage agreement with

26   Washington Mutual Bank (WAMU) for the purchase of a single family residence located at 7234

27   Encelia Dr., La Jolla, California 92037.

28   /././

20. For the first two years of the mortgage agreement, Plaintiff made all of his payments in a timely manner and according to terms.

21. On or about May 12, 2008, Plaintiff contacted Defendant WAMU regarding modification and restructuring of his current mortgage.

22. At that time the representative for Defendant WAMU, informed Plaintiff that they would modify his loan, but only if he was in default, and thereon instructed Plaintiff to purposely stop making his mortgage payments in order to qualify. Accordingly, Plaintiff ceased making his mortgage payments for a period of 90 days and immediately contacted Defendant WAMU for a loan modification package.

23. Thereafter, Defendant WAMU mailed Plaintiff loan modification documents which he completed along with all supporting documentation requested and returned.

24. Plaintiff waited approximately one week and contacted Defendant WAMU to confirm receipt of his loan modification documents. At that time, Plaintiff spoke to a WAMU representative who informed Plaintiff that they did in fact receive his loan modification application and supporting documentation, and that an agent would be assigned to handle his request. Plaintiff was further informed that the process of assigning an agent would take approximately 1 to 2 months.

25. When Defendant, WAMU failed to contact Plaintiff within the anticipated time line, he contacted Defendant and was informed that his application and supporting documentation were missing and that he would have to reapply . Plaintiff immediately prepared a second application with accompanying documents and overnight mailed it to Defendant.

26. Plaintiff then waited an additional 30 days without receiving any correspondence from Defendant WAMU and contacted them telephonically. At that time, Plaintiff discovered that the Federal Trade Administration had issued a cease and desist order against WAMU and that Defendant JP MORGAN CHASE BANK had assumed the assets, (and liabilities) of Defendant WAMU.

27. Plaintiff immediately contacted Defendant CHASE BANK and was informed that his loan modification application was missing and that he would have to once again reapply. After Defendant CHASE BANK lost Plaintiffs second application, he hired Mr. Martin Estehaghi to negotiate with Defendant CHASE BANK on his behalf.

1       28.  Plaintiff reapplied for a third time and his advocate, Mr. Estehagi, was successful in

2   obtaining a "conditional" loan modification from Defendant CHASE BANK. Thereafter, Defendant

3   CHASE sent Plaintiff a document which he signed and resumed making his monthly payments.

4       29.  Thereafter, Plaintiff contacted the agent in charge of his loan modification at CHASE

5   to inquire about the status of his property insurance and taxes, as they were previously in impound.

6   At that time, Plaintiff was informed that he would have to file yet another loan package to reconsider

7   his loan for review.

8       30.  Plaintiffs advocate, Mr. Estehagi sent out the fourth package with supporting

9   documentation which was immediately denied. Thereafter, Defendant CHASE issued its Notice of

10  Trustee's Sale for Plaintiffs property.

11      31.  Plaintiffs advocate, Mr. Estehagi contacted Defendant CHASE which had now assigned

12  a female agent named "Elsa" to manage Plaintiffs loan. Elsa informed Plaintiff that if he could make

13  one or two payments of $25,000.00 - $30,000.00,the bank advisor would be more likely to consider

14  his request for a loan modification.

15      32.  Plaintiff agreed to make the payments she suggested, however as the sale date grew

16  closer, Plaintiff was unable to reach "Elsa". On the last Friday prior to the Trustees Sale Date, Elsa

17  finally contacted Plaintiff to inform him that his application had been denied.

18      33.  Plaintiff then decided to contact Elsa about the possibility of a short sale. Plaintiff

19  attempted to contact Elsa at least 7-8 times before she finally answered the telephone and told

20  Plaintiff not to bother with a short sale because the bank would simply not consider it.

21      34.  Plaintiff attempted to short sale the property, however, it failed largely due to Defendant

22  CHASE's failure to cooperate. Defendant CHASE is attempting to foreclose on Plaintiffs home and

23  has scheduled a sale date of October 27, 2010.

24      35.  Additionally, although repeated request have been made to Defendant CHASE to provide

25  Plaintiff with statements regarding his loan, they have failed and refused and continue to fail and

26  refuse to provide such statements.

27  /././

28  /././

36.  Given Wamu/Chase's actions Plaintiff began researching into the legalities of what Wamu/Chase had done to him and discovered that Defendant Washington Mutual had been taken over by Defendant Chase after essentially going bankrupt making billions of dollars of risky home loans.

37.  Plaintiff further discovered the existence of a major share holder class action suit which had been filed against Washington Mutual in the United States District Court in the Western District of Washington at Seattle under case number No. 2:08-md-1919 MJP / Lead Case No. C08-387 MJP in which it is alleged that Washington Mutual's risky loan practice arose after it illegally inflated the value of numerous homes to allow them to lend excessive amounts of money to homeowners borrowing from them.

38.  Additionally, Plaintiff found numerous news articles which disclosed a number of government agencies who are currently investigating employees and officers of Washington Mutual to ascertain the full extent of their unlawful lending practices.

39.  On or about July 01, 2009, the State of California enacted SB 1137 which extended the period of time between recordation of the "Notice of Default", and, "Notice of Trustees Sale" from 30 days to 90 days as to allow homeowners time to secure funds to cure the default.

40.  Plaintiff is informed and believes, and upon such information and belief alleges that Defendants "Loan Modification" program is a nothing more that a ruse designed to circumvent California State Bill 1137[1], and to lead Plaintiff, and other similarly situated borrowers to early default and foreclosure.

41.  Plaintiff asserts that Defendant, CHASE, has no legal right to initiate foreclosure under the security instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct Defendant CRC, to foreclose and sell the Subject real property.

---

[1]. Close examination of  SB 1137 shows there are some significant loop holes for mortgage companies insofar and they don't have to comply with SB 1137 if they are offering modifications to home owners that meet certain criteria.  All that a lender needs to do is "offer" a deferment of some of the principal due until the end of the loan and a minimal interest rate decrease to qualify under the new law. The lender does not necessarily have to modify any loan, only "offer".  Once such a modification is "offered", the lender can apply for a certificate of exemption, and continue to foreclose regardless of this law.

1        42. As a result thereof, Plaintiff has been damaged in the costs associated with bringing this

2   action to enjoin Defendants and each of them from unlawfully depriving Plaintiff from ownership

3   of the subject property.

4        43. Plaintiff asserts that Defendants, and each of them, misrepresented the facts intending

5   to mislead Plaintiff so that Defendants and each of them, could steal the Subject Property thereby

6   benefitting from the sizable amount of equity the property contains.

7        44. Plaintiff is informed and believes, and upon such information and belief alleges that

8   Defendants, WAMU, and, CHASE , have engaged in deceptive practices with respect to Plaintiff

9   in violation of the Home Ownership and Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1637, the

10  Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal

11  Trade Commission Act, ("FTC Act") 15 U.S.C. §§ 41-58.

12       45. In addition to the foregoing, Plaintiff discovered multiple violations of the Truth In

13  Lending Act (TILA), and the Real Estate Settlement Procedures Act, (RESPA), which include but

14  are not limited to:

15            a.)    Undisclosed Settlement Charges;

16            b.)    Unjust Enrichment;

17            c.)    Miscalculated Annual Percentage Rate;

18            e.)    Inflated Notary Charges;

19            f.)    Conflicts between Disclosures and Official Documents;

20            g.)    Estimated Settlement Statement Not Properly Completed;

21            h.)    Inflated Appraisal;

22            g.)    Failure to Apply Application Fee;

23            h.)    Various Miscalculations;

24            i.)    Failure to provide Consumer Handbook on Adjustable Rate Mortgages

25                   ("CHARM") Booklet;

26            j.)    No Good Faith Estimate;

27            k.)    Failure to comply with underwriting standards

28  /././

## **FIRST CLAIM FOR RELIEF**

### Violations of 15 U.S.C. 1601, Truth in Lending Act

46. Plaintiff realleges and incorporates ¶ ¶ 1-45, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE .

47. Because the transaction was secured by Plaintiffs home, and was not entered into for the purposes of the initial acquisition or construction of that home, it is subject to the right to cancel provided by TILA, 15 U.S.C. § 1601, and implementing Federal Reserve Board Regulation Z, 12 C.F.R § 226.23, which provides:

(a) Consumers right to rescind

(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumers principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47.

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditors' designated place of business.

(3)     The consumer my exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of al material disclosures , [fn] 48, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)].

(4)     When more than one consumer in a transaction has the right to rescind the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind

In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumers' principal dwelling.

(2)     The consumers right to rescind the transaction;

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditors place of business;

(4)    The effects of rescission, as described in paragraph (d) of this section;

(5)    The date the rescission period expires;

(f) Exempt transactions.

The right to rescind does not apply to the following:

(1)    A residential mortgage transaction [defined in U.S.C. 15 §1602(w) as one where a "security interest is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling].

(2)    A credit plan in which a state agency is a creditor.

48. Because Defendant WAMU failed to comply with Section 226.23, Plaintiff's has a continuing right to rescind.

49. Plaintiff's has given notice of his election to rescind.

**ADDITIONAL RELIEF:**

In any transaction in which it is determined that the creditor has violated this section, in addition to rescission, the Court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

WHEREFORE, Plaintiff's requests that the Court enter judgment in favor of Plaintiff's and against Washington Mutual Bank and Chase Bank for:

a.    Rescission of the 2006 WASHINGTON MUTUAL BANK, mortgage loan;

b.    Statutory damages for the disclosure violations;

c.    Attorneys fees, litigation expenses and costs.

d.    Such other relief as the Court may deem just and proper.

**SECOND CLAIM FOR RELIEF**

**(Unfair Debt Collection Practices)**

50. Plaintiff realleges and incorporates ¶¶ 1-49, as fully set forth above. This claim is against Defendants, and, CHASE , and, CRC

51. Plaintiff is informed and believes, and upon such information and belief alleges that the Defendants, and each of them, in taking the actions aforementioned, have violated provisions of the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Subchapter V, §§ 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§§ 2601-2617.

/./././

1    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter

2    set forth.

### THIRD CLAIM FOR RELIEF
3    **(Violations of 12 U.S.C. 2601 et seq.**
**Real Estate Settlement Procedures Act.)**

4

5    52.  Plaintiff's incorporates  ¶¶ 1-51, as fully set forth above. This claim is against

6    Defendants, WAMU, CHASE and CRC.

7    53.    By engaging in the practices set forth above, Defendant WAMU gave to, and/or

8    accepted a fee, kickback, or thing of value pursuant to an agreement or understanding that business

9    incident to or a part of a real estate settlement service involving federally related mortgage loans

10   would be referred to a person in violation of the Real Estate Settlement Procedures Act of 1974, 12

11   U.S.C. § 2607(a).

12   WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter

13   set forth.

### FOURTH CLAIM FOR RELIEF
14   **(Set Aside and Vacate Trustee's Sale**
**Cancellation of Deed of Trust**
15   **California Civil Code § 3412)**

16

17   54. Plaintiff's incorporates  ¶¶ 1-53, as fully set forth above. This claim is against

18   Defendants, CHASE , and, CRC

19   55.  Plaintiff is informed and believes, and upon such information and belief alleges that

20   Defendants, CHASE, and, CRC are conducting their trustee's sale in violation of *California Civil*

21   *Code* § 2924. et seq. which if allowed, wrongfully deprived Plaintiff of title to the Subject Property

22   and of its beneficial use and enjoyment.

23   56. Defendant, CHASE claims and interest in the Subject Property based upon the Trustee's

24   Deed Upon Sale.

25   57. The claim of Defendant,  to the Subject Property is without any right or merit. Although

26   the Trustee's Deed Upon Sale appears valid on its face, it is invalid and of no force and effect, for

27   the reasons set forth herein above. If the Notice of Trustees Sale is not canceled, serious irreparable

28   injury will continue to result to Plaintiff.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

58. Plaintiff's incorporates ¶¶ 1-57, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE.

59.  As a direct and proximate result of the conduct described above, specifically marketing sub-prime loans via inflated property appraisal(s), charging Plaintiff and countless other borrowers inflated notary and various other non-disclosed fees, and through the unlawful foreclosure of Plaintiffs property, as well as the hundreds of thousands of similarly situated homeowners, Defendants and each of them have unjustly enriched themselves in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF
### (Promissory Estoppel)

60. Plaintiff's incorporates ¶¶ 1-59, as fully set forth above. This claim is against Defendant, CHASE.

61. On or about May 14, 2008, Defendant promised, assured and represented to Plaintiff that they would and could modify his mortgage, but only if he was in default, and thereon instructed Plaintiff to purposely default on his mortgage in order to qualify.

62. In doing so, Defendant knew, or should have known that Plaintiff would be reasonably induced to rely on Defendants promise, assurance and representation to modify his loan by participating in Defendants "Loan Modification" Program and not seek alternative financial and/or legal remedies to rescue the property.

63.  Plaintiff reasonably relied on Defendants promise, assurance and representation by entering into Defendants "Loan Modification" Program instead of seeking alternative financial and/or legalremedies to rescue the property.

////

- 13 -

64. Injustice can be avoided by enforcing Defendants' promise, assurance and representation completely.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF
### (Demand for Accounting)

65. Plaintiff's incorporates ¶¶ 1-97, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE.

66. Plaintiff asserts that as a result of the aforementioned conduct of Defendants, and each of them, these Defendants have received proceeds from the unlawful sale of the Subject Property, a portion of which is due to Plaintiff from Defendants, as previously alleged.

67. The amount of money due from Defendants, and each of them, to Plaintiff is unknown to Plaintiff at this time and cannot be ascertained without an accounting of the proceeds after the sale of the Subject property. Plaintiff is informed and believes and thereon alleges that the amount due to Plaintiff exceeds the minimum jurisdiction of this Court.

68. Further, Plaintiff has demanded his statements and an accounting of the amortization schedule and calculated interest for the aforementioned loan modification from Defendant, CHASE, but Defendant has failed and refused, and continues to fail and refuse, to render such an accounting.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as hereinafter set forth.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Implied Warranties, Violation of the Consumers Legal

### Remedies Act, Cal. Civ. Code §§ 1750 et seq.)

69. Plaintiff's incorporates ¶¶ 1-68, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE.

70. This cause of action is brought on behalf of Plaintiff and on behalf of each of the similarly situated homeowners throughout the state of California pursuant to the Consumers Legal Remedies Act, *California Civil Code* §§ 1750, et seq. (the "CLRA").

71. The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in services provided to consumers.

72. Plaintiff, and similarly situated homeowners purchased loans and other services from Defendants, and each of them, for personal, family, and household use and are thus, "consumers" within the meaning of Cal. Civ. Code § 1761(a).

73. In doing the acts alleged above, Defendants, and each of them, have violated the CLRA, which, among other things provides:

    a)    the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or <u>services</u> to any consumer are unlawful:

    i)    Representing that the services have characteristics or benefits which they do not have;

    ii)    Advertising services with the intent not to provide them as advertised.

74. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of their homes, and individually through small to moderate sums of money.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## NINTH CLAIM FOR RELIEF

### (Disgorgement, under Cal. Bus. Prof. Code § 17200 et seq.)

75. Plaintiff's incorporates ¶¶ 1-74, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE.

76. Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, WAMU, and, CHASE have a pattern and practice of defrauding borrowers through the personal misuse of their real property assets.

77. Defendants, WAMU, and, CHASE have absconded with ill gotten gains, defrauding not only Plaintiff but similarly situated homeowners, by perfecting foreclosure on residential properties without any legal authority whatsoever to do so.

1    As a proximate result of the acts of Defendants, Plaintiff as well as hundreds of thousands
2  of other California homeowners are either facing foreclosure or have already lost their homes.

3    78.  Plaintiff has suffered injury in fact as a direct and proximate result of the acts of
4  Defendants and each of them.

5    79.  Defendants practices as alleged herein are unfair, unlawful, immoral, unethical, and in
6  violation of the law.

7    80. Plaintiff prays for the full disgorgement of monies and profits and the value of converted
8  assets according to proof, which exceeds the minimum jurisdiction of this Court, against Defendants,
9  WAMU, and, CHASE .

10    81.  Plaintiff further prays for an injunctive order enjoining and restraining Defendants, and
11  each of them from engaging in or performing any act to deprive Plaintiff of ownership or possession
12  of their real property, including but not limited to, prosecuting or maintaining foreclosure or sale
13  proceedings on Plaintiffs real property, from recording any deeds or mortgages regarding the
14  property, or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership in the
15  Subject property.

16                          **TENTH CLAIM FOR RELIEF**

17                     **(Fraud -Violation of Unfair Practices Act)**

18    82.  Plaintiff's incorporates  ¶¶ 1-81, as fully set forth above. This claim is against
19  Defendants, WAMU, and CHASE

20    83.  Defendants WAMU, and CHASE engaged in unfair and deceptive acts in violation of
21  the California Unfair Practices Act, _California Business & Professions Code_ § 1700 et seq. as it is
22  an unfair practice to advertise, misrepresent to consumers and encourage loan modifications which
23  are designed to lead borrowers to certain foreclosure.

24    84.  _California Business and Professions Code_ § 17200 states as follows;

25    As used in this chapter, unfair competition shall mean and include any unlawful, unfair or
      fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and
26    any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7
      of the Business and Professions Code.
27

28  /././

85.  Defendants engaged in such unfair and fraudulent acts and practiced in course of trade and commerce in financial services.

86.  Defendant intended that Plaintiff's rely on the undisclosed facts by entering into Defendants Loan Modification Program.

87.  Plaintiff did so rely, and was damaged in the loss of his home.

88.  The conduct of Defendant was deliberately oppressive, corrupt and dishonest.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## ELEVENTH CLAIM FOR RELIEF

### (Fraud -Violation of Unfair Practices Act)

89.  Plaintiff's incorporates  ¶¶ 1-88, as fully set forth above. This claim is against Defendants, CHASE.

90. Defendant CHASE, engaged in unfair and deceptive act in violation of the California Unfair Practices Act, as it is an unfair practice to misrepresent to Plaintiff, and other similarly situated consumers, in detrimental reliance to enter into its "Loan Modification" program, and to thereafter misrepresent to consumers including Plaintiff, that they would modify the loan when the true facts are that they were proceeding with foreclosure nonetheless.

91.  Plaintiff further alleges that  the intentional concealment of  facts, made by the Defendant, was done with the intent of inducing Plaintiff to not seek alternative financial and/or legal remedies, and to lead him into certain foreclosure.

92.  At the time the intentional misrepresentations and concealment of facts took place, and at the time Plaintiff took the actions herein described, Plaintiff was ignorant of Defendants', secret intention to foreclose on his property.

93. Plaintiff could not, in the exercise of reasonable diligence,  have discovered Defendants' secret intentions based upon  the promises and representations made by Defendants'. If Plaintiff had known of the actual intentions of Defendant, Plaintiff would not have taken such action.

94.  At all times herein mentioned, and by engaging in the conduct described above, Defendants, and each of them, acted with oppression, fraud and malice, entitling Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### TWELFTH CLAIM FOR RELIEF

#### (Negligence, as to all Defendants)

95.    Plaintiff's incorporates ¶¶ 1-94, as fully set forth above. This claim is against Defendants, WAMU, CHASE.

96.   Defendants, WAMU, and CHASE owed a duty of care to Plaintiff as Mortgage lenders and holders of Plaintiffs note and Deed of Trust.

97. Plaintiff alleges that, WAMU and CHASE were negligent and breached their duty of care and these Defendants breach is the direct and proximate cause of Plaintiff damages.

98. But for the negligence of Defendant WAMU and CHASE Plaintiff has suffered and will continue to suffer damages, including but not limited to, mitigation expenses and fees and cost associated with bringing the instant action to protect his property from unlawful foreclosure.

99.    Additionally,   these damages were foreseeable by WAMU and CHASE as they represented to Plaintiff that they would not seek to foreclose and sell Plaintiffs property while negotiating a "Loan Modification."

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### THIRTEENTH CLAIM FOR RELIEF

#### (Declaratory Relief)

100. Plaintiff's incorporates ¶¶ 1-99, as fully set forth above. This claim is against Defendants, WAMU, and, CHASE.

102. An actual controversy has arisen and currently exists between Plaintiff's and Defendants, and each of them, concerning the respective rights, obligations and duties of each party herein, whereas, Plaintiff's contends that Defendants herein "blindsided" him by inducing him into their fraudulent loan modification scheme, specifically by instructing him to stop paying his mortgage in order to qualify for a modification and restructuring of his mortgage loan and then proceeding to foreclose on his home.

103.  Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to whether Plaintiff qualifies for a loan modification under the Home Affordable Mortgage Program, (HAMP), or any and all other government programs currently available.

104.    A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights, obligations and duties.

105.  Plaintiff is under financial burden and emotional strain which he is suffering due to this unsettled state of affairs.

106.  If Defendants are allowed to deprive Plaintiff from ownership of his home when they are not entitled to do so, Plaintiff will be irreparably damaged in the loss of his property and investment in the same.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**Application for Temporary Restraining Order and Osc re**

**Preliminary Injunction**

107.  Plaintiff's incorporates ¶¶ 1-144, as fully set forth above.

108.  Plaintiff applies for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction enjoining Defendants and their agents, employees, representatives, successors partners, assigns and those acting in concert or in participation with them,  their agents, employees, officers, representatives, successors, partners, assigns, and those acting in concert or participation with them, from spending, transferring, disbursing, encumbering,  or otherwise dissipating any real or personal property without prior Court approval, including but not limited to any money or other consideration that Defendants have received from Plaintiff for any loan, refinance transaction or appraisals made with Defendants and each of them, and any money or other consideration Defendants have received from Plaintiff as a result of their "Loan Modification Scheme" including but not limited to money or other considerations obtained from borrowers, lenders, or other entities for the transaction.

This application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction is made on the grounds that:

a. Defendants have violated, and continue to violate,  the Truth in Lending Act, 15 U.S.C. § 1601;

b. Defendants have violated, and continue to violate *California Business & Professions Code* § 17200, (prohibiting unfair business practices), and 17500, (prohibiting false or misleading statements).

c. Defendants have violated, and continue to violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

d. Defendants have violated, and continue to violate the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§§ 2601-2617.

e. Defendants have violated, and continue to violate the Home Ownership and Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1637;

f. Defendants have violated, and continue to violate the Federal Trade Commission Act, ("FTC Act") 15 U.S.C. §§ 41-58

The relief that the Plaintiff is requesting is necessary to protect himself from being irreparably harmed by Defendants', and each of their misconduct.

WHEREFORE, Plaintiff's pray  judgment against Defendants, and each of them as follows:

1. For rescission of Plaintiff's May 2006 WAMU loan;

2. For general damages, according to proof at the time of trial for Defendants, and each of their, general negligence and misconduct;

3. For the full disgorgement of monies and profits and the value of converted assets according to proof, which exceeds the minimum jurisdiction of this Court;

4. For an injunctive order enjoining and restraining Defendants, and each of them from engaging in or performing any act to deprive Plaintiff's of ownership or possession of his real property, including but not limited to, recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiff's or ownership in the property.

5. For a judicial determination of the rights and duties of each party herein;

6. For Court fees and cost associated with bringing this action, including but not limited to attorneys fees and cost, if necessary.

7. For any and all further relief as the Court may deem just and proper.

Dated: 10/18/2010          By: _____
                                KAVEH KHAST
                                Plaintiff, In Pro Se

## **VERIFICATION**

I, KAVEH KHAST Plaintiff in the above entitled action, hereby declare that I have read the foregoing Verified Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I hereby declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Dated: 10/18/2010          By: _____
                                KAVEH KHAST

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KAVEH KHAST | WASHINGTON MUTUAL; JPMORGAN CHASE BANK; CALIFORNIA RECONVEYANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

'10 CV 2168 IEG JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601; 15 USC 1692; 12 USC 2601

Brief description of cause:
UNLAWFUL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10/18/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 19186   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

TB 10-18-10



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019186
Cashier ID: mbain
Transaction Date: 10/18/2010
Payer Name: SEAMEX CAPITAL
----------------------------------
CIVIL FILING FEE
 For: KHAST V WASHINGTON MUTUAL
 Case/Party: D-CAS-3-10-CV-002168-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1006
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00



There will be a fee of $45.00
charged for any returned check.
```