JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
ALYSON M. DUDKOWSKI (CA Bar No. 259728)
adudkowski@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER,
erroneously sued as JP MORGAN BANK; and CALIFORNIA
RECONVEYANCE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH KHAST, | **CASE NO.:** 10-CV-2168-IEG (JMA) |
| Plaintiff, | **JUDGE:** Hon. Irma E. Gonzalez |
| v. | **OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE AS TO A PRELIMINARY INJUNCTION** |
| WASHINGTON MUTUAL BANK; JP MORGAN BANK; CALIFORNIA RECONVEYANCE COMPANY, | |
| Defendants. | **DATE:**      December 3, 2010 |
| | **TIME:** |
| | **CTRM:**    1 (4th Flr) |
| | [Request for Judicial Notice Filed Concurrently] |
| | **ACTION FILED:**      October 18, 2010 |

///

///

///

///

//

# TABLE OF CONTENTS

Page

**I.**   SUMMARY OF ARGUMENT ...................................................................2

**II.**   STATEMENT OF FACTS ......................................................................3

**III.**   PRELIMINARY INJUNCTION MUST NOT BE ISSUED BECAUSE PLAINTIFF CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS .....................4

    **A.**   JPMorgan Did Not Assume Liability for Borrower Claims Relating to WaMu Loans ...........................................................................................4

Thus, Plaintiff's claims based on the alleged wrongdoings of WaMu fail as asserted against JPMorgan. ...........................................................................................5

    **B.**   The Claim For "Violations Of 15 U.S.C. 1601, Federal Truth In Lending Act" Fails...........................................................................................6

        **1.**   TILA Does not Apply Because the Loan was a Purchase Money Loan......6

        **2.**   Plaintiff's Claims are Time Barred ...................................................6

    **C.**   The Claim For "Violations Of 15 U.S.C. 1692 § 808 (6)(A) Federal Fair Debt Collection Practices Act" Fails ...........................................................7

    **D.**   The Claim For "Violations Of 12 U.S.C. 2601 Et Seq. Real Estate Settlement Procedures Act" Fails ...................................................................9

        **1.**   Plaintiff's  RESPA Claim Is Time-Barred By The One Year Statute Of Limitations ...................................................................9

        **2.**   Plaintiff Fails To Allege A Violation Of RESPA On The Grounds That Defendants Obtained A Yield Spread Premium ...........................................9

    **E.**   The Claim "To Set Aside And Vacate Trustee's Sale Under Cal. Civil Code § 3412" Fails...................................................................10

        **1.**   The Claim Is Premature As No Trustee's Sale Occurred ...........................10

    **F.**   The Claim For "Unjust Enrichment" Fails ...........................................11

    **G.**   The Claim For "Promissory Estoppel" Fails ...........................................12

    **H.**   The Claim For "Action For An Accounting" Fails...........................................12

    **I.**   The Claim For "Breach Of Implied Warranties" Fails ...........................................13

        **1.**   The CLRA Does Not Apply ...................................................................13

        **2.**   Even Assuming the CLRA Applied, Plaintiff Failed To Comply With The Notice Requirements ...................................................................14

    **J.**   Plaintiff Fails To State A Cause For Violations Of California Business & Professions Code Section 17200...................................................................15

        **1.**   Plaintiff Lacks Standing to Assert a Claim Under Section 17200.............15

        **2.**   Plaintiff Fails to State Facts Constituting Unfair Business Practices ........15

        **3.**   Plaintiff Has Not Alleged A Basis For A Fraud Claim .............................16

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

i

# TABLE OF CONTENTS

Page

**K.**   The Claim For "Negligence" Fails To State A Claim ............................................18

**L.**   The Claim For "Declaratory Relief" Fails...........................................................18

**IV.**   THE HARM TO DEFENDANTS WOULD BE GREATER THAN ANY HARM TO PLAINTIFF.................................................................................................................19

**V.**   IN THE UNLIKELY EVENT THAT THE COURT ISSUES A PRELIMINARY INJUNCTION, DEFENDANTS ARE ENTITLED TO AN UNDERTAKING...............20

**VI.**   CONCLUSION............................................................................................................21

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

ALVARADO SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF AUTHORITIES

Page

**Cases**

*Abba Rubber Co. v. Seaquist*, 235 Cal.App.3d 1, 14 (1991) ........................................... 20

*Ach v. Finkelstein*, 264 Cal.App.2d 667 (1968) ........................................................... 16

*Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968) ....................... 19

*Bachis,* 265 Cal.App.2d 726-728 (1968) ..................................................................... 19

*Beauchamp v. Los Gatos Golf Course,* 273 Cal.App.2d 20 (1969) ................................... 18

*Bennett v. Hibernia Bank,* 47 Cal.2d 540, 550 (1956) ................................................... 19

*Bradler v. Craig,* 274 Cal.App.2d 466 (1969) .............................................................. 18

*Bragg v. Bill Heard Chevrolet, Inc.,* 374 F.3d 1060, 1066 (11th Cir.2004) ...................... 7

*Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223 (2006) .................... 15

*Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) ......................................................... 19

*Cassese v. Washington Mutual Bank,* 2:05-cv-02724-ADS-ARL, slip op. at 6 (E.D.N.Y. Dec. 22, 2008) ....................................................................................................................... 5

*Connor v. Great Western Sav. & Loan Assn.,* 69 Cal.2d 850 (1968) ................................ 18

*Consumer Solutions REO, LLC v. Hillery* 658 F.Supp.2d 1002, 1016-1017 (N.D.Cal. 2009) ......... 14

*Dau v. Federal Land Bank of Omaha*, 627 F.Supp. 346, 347-348 (N.D.Iowa 1985) ............... 7

*Division of Labor Law Enforcement v. Transpacific Trans. Co.* (1977) 69 Cal. App. 3d 268, 275 ... 12

*Division of Labor Law Enforcement v. Transpacific Trans. Co.*, 69 Cal.App.3d 268, 275 (1977) .... 12

*Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999) ............. 10

*Edwards v. Marin Park, Inc.,* , 356 F.3d 1058 (9th Cir. 2004) ........................................ 17

*Emry v. Visa International Service Ass'n*, 95 Cal. App. 4th 952 (2002) ............................ 15

*Fairbanks v. Superior Court*, 46 Cal.4th 56, 65 (2009) ................................................. 14

*First Nationwide Savings v. Perry,* 11 Cal.App.4th 1657, 1662 (1992) ............................. 11

*Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003) ............................................. 10

Healy v. Brewster, (1963) 59 Cal. 2d 455 ................................................................. 12

*Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998) ........................... 8

OPPOSITION TO APPLICATION FOR PRELIMINARY INJUNCTION

1162035.2                                                                    10-CV-2168-IEG (JMA)

# TABLE OF AUTHORITIES

Page

*Hilton v. Washington Mutual Bank*, Case no. 3:09-cv-01191-SI (Northern District of California Oct. 28, 2009) ....................................................................................................................... 5

*Hoyem v. Manhattan Beach City School District,* 22 Cal.3d 508 (1978) ............................................ 18

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) ..................................................... 8

*In Re GlenFed Inc. Securities Litigation,* 42 F.3d 1541 (en banc) (9th Cir. 1994) .................... 16, 17

*Industrial Indemnity Co. v. Mazon*, 158 Cal.App.3d at 866 ................................................................ 11

Irving Tier Co. v. Griffin, (1966) 244 Cal. App. 852 ........................................................................... 12

*Khoury v. Maly's of California*, 14 Cal.App.4th 612 (1993) ............................................................... 16

*King v. State of Cal.*, 784 F.2d 910, 913 (9th Cir. 1986) ....................................................................... 7

*Konecko v. Konecko* 164 Cal.App.2d 249, 253 (1958) ...................................................................... 19

*Laborers' Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002) ................. 4

*LaCasse*, 198 F. Supp. 2d 1255, Slip Op. (W.D. Wash. March 15, 2002) ........................................ 10

*Laks v. Coast Fe. Savings & Loans Assn.*, 60 Cal.App.3d 885, 891 (1976) ...................................... 12

*Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000) .............................................................. 11

*McKell v. Washington Mutual Bank, Inc.* 142 Cal.App.4th 1457, 1488, fn. 1 ................................... 13

*Merrill v. Navegar, Inc.,* 26 Cal.4th 465 (2001) ............................................................................... 18

*Meyers v. Guarantee Sav. & Loan Assn.*79 Cal.App.3d 307 (1978) .................................................. 18

*Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ...................................................... 4

*Munger v. Moore*, 11 Cal.App.3d 1, 7-8 (1970) ................................................................................. 11

*Neubronner v. Milken*, , 6 F.3d 666 (9th Cir. 1993) ...................................................................... 16, 17

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004) ........................................................................................................... 2, 4

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004). ................................................................................................................ 4

*People v. McKale*, 25 Cal.3d 626 (1979) ........................................................................................... 16

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987) ..................................................... 2, 4

*Pueblo of Sandia v. United States*, 50 F.3d 856, 862 n.6 (10th Cir. 1995) ......................................... 4

*Schell v. Southern California Edison Co.*, 204 Cal.App.3d at 1047 .................................................... 11

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

iv

## TABLE OF AUTHORITIES

Page

*Silver v. City of Los Angeles* 217 Cal.App.2d 134, 141-142 (1963) ..................................................... 19

*Spencer v. Crocker First Nat. Bank*, 86 Cal.App.2d at 402-403 ....................................................... 11

*State Farm Fire & Cas. Co. v. Superior Court* 191 Cal.App.3d 74, 76 (1987)................................. 19

*Thomson v. International Alliance of Stage Employees*, 232 Cal.App.2d 446, 454 (1965) .............. 12

*U.S. v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009) .................................................................... 7

*Wagner v. Benson,* 101 Cal.App.3d 27 (1980) .................................................................................... 18

*Yelomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009) ......................................................................... 5

**Statutes**

12 C.F.R. § 226(f)                                                                                                          6

12 U.S.C. § 2601(a)                                                                                                        9

12 U.S.C. § 2607(b)                                                                                                        9

12 U.S.C. § 2607(c)(2)                                                                                                     9

12 U.S.C. § 2614                                                                                                           9

15 U.S.C. § 1602                                                                                                           6

15 U.S.C. § 1611                                                                                                           3

15 U.S.C. § 1635(f).                                                                                                       6

15 U.S.C. 1635(f)                                                                                                          6

Business and Professions Code § 17200                                                                               3, 15, 16

Cal. Civil Code § 1770                                                                                                     14

Cal. Civil Code § 1782                                                                                                     14

CCP § 1061                                                                                                                 18

**Rules**

Fed. R. Civ. Pro. 9(b)                                                                                                   16, 17

Fed. R. Evid. 201(b)                                                                                                       4

Federal Rules of Civil Procedure, Rule 65 (c)                                                                            20

**Treatises**

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

v

# TABLE OF AUTHORITIES

Page

Witkin, California Procedure, Pleadings, § 776, pg. 233 (4th ed.)                13

OPPOSITION TO APPLICATION FOR PRELIMINARY INJUNCTION

1162035.2                                                    10-CV-2168-IEG (JMA)

Defendants JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver ("JPMorgan") and California Reconveyance Company ("CRC" and collectively "Defendants") submit the following in Opposition to the Application for Preliminary Injunction ("Application") of plaintiff Kaveh Khast ("Plaintiff") regarding the property located at 7234 Encelia Drive, La Jolla, California 92037 ("Subject Property").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

More than four years after obtaining a loan (the "Loan") for the purchase of the real property located at 7234 Encelia Drive, La Jolla, California 92037 ("Subject Property"), Plaintiff seeks to invalidate the Loan based on allegations of disclosure laws, fraud, unfair business practices, negligence and violation of various laws related to real estate consumer transactions.  Plaintiff's allegations do not have any merit, and are merely an attempt by Plaintiff to remain on the Subject Property without paying for it.

In order to obtain a preliminary injunction, Plaintiffs must demonstrate that (1) there is a likelihood of success on the merits; (2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage the injunction might cause to defendant; and (4) the injunction will not disserve the public interest.  *Production Co. v. Village of Gambell*, 480 US at 542; *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

At the outset it is important to note that per the placement into receivership of WaMu by the OTS and the agreement wherein JPMorgan purchased certain former assets of Washington Mutual Bank ("WaMu") from the FDIC,  JPMorgan only purchased whatever rights WaMu has in the this Loan as of September 25, 2008.  JPMorgan did not participate in any of the lending activities of WaMu as to any of those claims.  JPMorgan expressly disclaimed liability for actions of WaMu prior to September 25, 2008 and appears in this action simply to protect its rights in the matter, but any claims as to WaMu's actions prior to the acquisition of the interest by JPMorgan are not as issues as to JPMorgan.

ALVARADOSMITH
ATTORNEY AT LAW
SANTA ANA

As to the specific counts, the claim for violation of the Truth in Lending Act ("TILA") 15 U.S.C. section 1611 et sequens is barred by the statute of limitations. The second claim for violation of the Rosenthal Act fails because Plaintiff fails to allege facts that would support a finding that such Acts are applicable to the loan at issue. The third claim for violation of Real Estate Settlement and Procedures Act ("RESPA") is also time-barred because the one-year statute of limitations has expired.

Plaintiff also fails to allege any actionable misrepresentations in support of his fraud claims. These claims, therefore, fail. Further, Plaintiff fails to state facts giving rise to a fiduciary duty.

Plaintiff's claim for violations of Business and Professions Code section 17200 fails because the essence of their claim is that the Defendants violated section 17200 by "implement[ing] unlawful lending practices" while Plaintiff fails to allege sufficient facts that JPMorgan violated any laws whatsoever. Plaintiff's cause of action for negligence fails because Plaintiff does not allege the existence of a duty of care owed to him.

## II.   **STATEMENT OF FACTS**

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- Plaintiff obtained a mortgage loan in the sum of $2,250,000.00 ("Loan") in connection with the real property which at 7234 Encelia Drive, La Jolla, California 92037 (previously defined as "Subject Property"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on April 11, 2006 with the San Diego County Official Records as instrument number 2006-0251033. The DOT identifies Washington Mutual Bank, ("WaMu") as the lender and beneficiary, and California Reconveyance Company as the trustee. *See* Request for Judicial Notice ("RJN"), Exhibit 1.

- Plaintiff obtained a home equity line of credit ("HELOC") in the sum of $1,110,000.00 ("Second Loan") secured by a Deed of Trust ("Second DOT") encumbering the Subject Property that was recorded on March 13, 2007 with the San Diego County Official Records as instrument number 2007-0167870. The Second DOT identifies Countrywide Bank, N.A. as the lender, Mortgage Electronic Registration Systems, Inc. as the beneficiary, and ReconTrust Company as the trustee. *See* RJN, Exhibit 2.

- Plaintiff defaulted on the Loan. A Notice of Default ("NOD") was recorded on March 26, 2010 with the San Diego County Official Records as instrument number 2010-0149898. *See* RJN, Exhibit 3. The NOD indicates that as of March 11, 2010, the amount in arrears as $285,775.39. *Id.*

- A Notice of Trustee's Sale ("NOS") was recorded on July 1, 2010, with the San Diego County Recorder's Office as instrument number 2010-0333270. *See* RJN, Exhibit 4.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

The NOS indicates that as of July 1, 2010, the estimated unpaid balance and other charges was $2,797,195.52.  *Id.*

- On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank and appointed the FDIC as receiver.  On the same date, JPMorgan entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receiver for WaMu.  *See* RJN, Exhibit 5.

## III.   PRELIMINARY INJUNCTION MUST NOT BE ISSUED BECAUSE PLAINTIFF CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS

An injunction can be issued only if Plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest.  *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).  As set forth below, all of Plaintiff's claims against Defendants fail.  Plaintiff is unlikely to prevail on any of these claims and, thus, Plaintiff is not entitled to injunctive relief.

### A.   JPMorgan Did Not Assume Liability for Borrower Claims Relating to WaMu Loans

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver.  On the same date, JPMorgan entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receiver for WaMu.  *See* RJN, Exhibit 4. This agreement is a matter of public record since the FDIC is a governmental entity and can be downloaded from  http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.[1]  Under Section 2.5 of the Purchase and Assumption Agreement ("P&A Agreement"), JPMorgan did not

---

[1]   The Court may take judicial notice of this Agreement, which is published on the FDIC's official website at http://www.fdic.gov/about/freedom/Washington Mutual P and A.pdf.  *See* Fed. R. Evid. 201(b) (court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Pueblo of Sandia v. United States*, 50 F.3d 856, 862 n.6 (10th Cir. 1995) (court may take judicial notice of official government reports and publications); *Laborers' Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from FDIC's official website); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.").

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

assume liability for borrower claims related to loans or commitments to lend made by WaMu:

> **2.5    Borrower Claims.** Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure [September 25, 2008], or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank [Chase].

The P&A Agreement in this case has been addressed by Federal Courts. These courts have held that the FDIC retained liability for borrower claims relating to any WaMu loans and lending activities. In denying a plaintiff's motion to substitute JPMorgan as a party in a lawsuit originally brought against WaMu, the U.S. Court of Appeals for the for the First Circuit held that the FDIC was the real party in interest:

> When Washington Mutual failed, [JP Morgan acquired many assets but its agreement with the FDIC retains for the FDIC 'any liability associated with borrower claims for payment or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower's.' Thus, the FDIC was and remains the appropriate party in interest.

*Yelomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009).

Thus, by the terms of the P&A Agreement, "JPMorgan Chase expressly disclaimed assumption of liability arising from borrower claims ... [t]his section leaves the FDIC as the responsible party with respect to those claims." *Cassese v. Washington Mutual Bank,* 2:05-cv-02724-ADS-ARL, slip op. at 6 (E.D.N.Y. Dec. 22, 2008) (interpreting same P & A Agreement).

Here, Plaintiff obtained the Loan which was secured by the DOT recorded on or about August 27, 2007, a year prior to the closing of WaMu. *See* RJN, Exhibit 1. The DOT identifies WaMu as the lender and beneficiary. *Id.* Accordingly, while Plaintiff might be able to maintain claims against the FDIC-Receiver for actions taken by WaMu arising out of the origination of the Loan, Plaintiff cannot maintain his claims against JPMorgan. *Hilton v. Washington Mutual Bank*, Case no. 3:09-cv-01191-SI (Northern District of California Oct. 28, 2009) at p. 4-5 and fn. 5.

Thus, Plaintiff's claims based on the alleged wrongdoings of WaMu fail as asserted against

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

5

1    JPMorgan.

2         **B.**    **The Claim For "Violations Of 15 U.S.C. 1601, Federal Truth In Lending Act"**

3              **Fails**

4              **1.**    **TILA Does not Apply Because the Loan was a Purchase Money Loan**

5         The purchase money Loan is not governed by TILA for purposes of rescission.  Section

6    1635(e)(1) states that Section 1635 "does not apply to a residential mortgage transaction as defined

7    in section 1602(w) of this title."  *See also*, 12 C.F.R. § 226(f) (exempting residential mortgage

8    transactions from rescission rights).  The term "residential mortgage transaction" means a

9    transaction in which a…deed of trust…or equivalent consensual security interest is created or

10   retained against the consumer's dwelling <u>to finance the acquisition or initial construction of such</u>

11   <u>dwelling</u>.  15 U.S.C. § 1602(w).  (Emphasis added).

12        Plaintiff's alleges the Loan transaction "was not entered into for the purposes of the initial

13   acquisition or construction of that home."  *See* Complaint, ¶ 47.  However, Plaintiff also claims that

14   he "entered into a mortgage agreement … for the ***purchase of a single family residence***[.]"  *See*

15   Complaint, ¶ 19 (emphasis added).  As Plaintiff acknowledges, the "right to rescind does not apply

16   to … [a] residential mortgage transaction [defined … as one where a "security interest is created or

17   retained against the consumers dwelling to finance the acquisition … of such dwelling]."  See

18   Complaint, ¶ 47.  Plaintiff's own Complaint establishes that he is not entitled to the relief he seeks.

19             **2.**    **Plaintiff's Claims are Time Barred**

20        Plaintiff's damages claim under TILA is time-barred by the one-year statute of limitations

21   embodied in Section 1640 of TILA.[2] 15 U.S.C. § 1640(e).  Additionally, to the extent that Plaintiff

22   seeks to rescind the transactions under TILA, Plaintiff's claim to do so is also barred by the three

23   year statute of limitations.  15 U.S.C. § 1635(f).  Section 1635(f), of Title 15, United States Code

24   ("Section 1635"), provides that:

25        An obligor's right of rescission <u>shall expire three years after the date of</u>

26   _____

27   [2] Section 1640(e), of Title 15, United States Code ("Section 1640"), states, in part:
          "Any action under this section may be brought in any United States district court, or in any other
28        court of competent jurisdiction, within one year from the date of the occurrence of the violation."
          15 U.S.C. §1640(e).

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor[.]

15 U.S.C. § 1635(f).

The time in which the limitations period begins to run is when the mortgage is executed. *King v. State of Cal.*, 784 F.2d 910, 913 (9th Cir. 1986), *appeal dismissed, certiorari denied* 484 U.S. 802, *rehearing denied* 484 U.S. 971 (Borrower's Truth-in-Lending Act suit to rescind credit transaction for alleged failure of lender to make material disclosures was subject to three-year absolute limitation period); *Dau v. Federal Land Bank of Omaha*, 627 F.Supp. 346, 347-348 (N.D.Iowa 1985) (Truth in Lending Act's three-year period in which borrower could rescind loan secured in part by his current or intended place of residence commenced to run when mortgage was executed). Thus, "consummation" occurs when a borrower signs the loan documents and becomes obligated to pay. *U.S. v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009); *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1066 (11th Cir.2004).

Here, by Plaintiff's own allegations, the consummation of the transaction occurred in or about April of 2006. *See* Complaint, ¶ 19.  Plaintiff did not file the Complaint until October 18, 2010 – over four and a half years after the subject mortgage loan transaction. *See,* Complaint. Therefore, Plaintiff's request for rescission under TILA is barred by the applicable statute of limitations.

## C.   The Claim For "Violations Of 15 U.S.C. 1692 § 808 (6)(A) Federal Fair Debt Collection Practices Act" Fails

Plaintiff claim that "Defendants" engaged in the unidentified "aforementioned actions" that constituted a violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). *See* Complaint, ¶ 51.  However, Plaintiff fails to allege that Defendants engaged in any wrongdoing.

With respect to the FDCPA, Plaintiff cannot state any claim under the FDCPA because the activity of foreclosing upon a property is not a collection of a debt.  Plaintiff's contention that enforcement of the security interest (i.e., the DOT) by way of nonjudicial foreclosure as a means of debt collection ignores the distinction between debt collection and enforcement of a security

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    interest.   Consistent with this distinction, courts have recognized that the foreclosure upon a

2    property is not a FDCPA debt collection.

3          In *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998), aff'd, 173 F.3d

4    850 (4th Cir.1999), the plaintiff brought an FDCPA claim over actions that had occurred during the

5    foreclosure of their property. The court held that because "the trustees were not collecting on the

6    debt at that time, but merely foreclosing on the property pursuant to the deed of trust, these activities

7    do not fall within the terms of the FDCPA." *Id.* at 722.

8          The reasoning of the *Heinemann* was followed by the Court in *Hulse v. Ocwen Fed. Bank,*

9    *FSB*, 195 F.Supp.2d 1188 (D.Or.2002).  At issue in *Hulse* was whether the activity of foreclosing on

10   the property pursuant to a deed of trust constituted the collection of a debt within the meaning of the

11   FDCPA.  The Court found that:

12             Foreclosing on a trust deed is distinct from the collection of the obligation to pay
               money. The FDCPA is intended to curtail objectionable acts occurring in the process
13             of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely
               different path. Payment of funds is not the object of the foreclosure action. Rather, the
14             lender is foreclosing its interest in the property.
               *Id.* at 1204.
15

16         Critical in the Court's reasoning was the fact that under the contractual provisions of the

17   deed of trust, the trustee possesses the power of sale which may be exercised after a breach of the

18   obligation for which the real property is security.  *Id.* The Court found that "[f]oreclosure by the

19   trustee is not the enforcement of the obligation because it is <u>not an attempt to collect funds from the</u>

20   <u>debtor</u>." *Id.* [Emphasis added].   For those reasons, the Court found that actions taken by the

21   assignee of a deed of trust in pursuit of the actual foreclosure may not be challenged as FDCPA

22   violations, and that any allegations that the foreclosure proceedings were wrongful because of an

23   invalid assignment are not properly brought under the FDCPA.  *Id.*

24

25

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

**D.   The Claim For "Violations Of 12 U.S.C. 2601 Et Seq. Real Estate Settlement Procedures Act" Fails**

**1.   Plaintiff's RESPA Claim Is Time-Barred By The One Year Statute Of Limitations**

Plaintiff contends that he is entitled to damages for the alleged violations of RESPA. *See* Complaint ¶ 53. However, Plaintiff's claim under RESPA is time-barred. Section 2614, of Title 12, United States Code, states: "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought … 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]" 12 U.S.C. § 2614. In this case, the subject Loan was made in April 2006. *See* RJN, Exhibit 1. The lawsuit was filed on October 18, 2010, more than three years after the statute has run. *See* Complaint. Thus, Plaintiff's RESPA claim expired.

**2.   Plaintiff Fails To Allege A Violation Of RESPA On The Grounds That Defendants Obtained A Yield Spread Premium**

Moreover, in support of the RESPA claim, Plaintiff alleges Defendants violated RESPA because Defendants paid fees or kickbacks. *See* Complaint, ¶ 53. Congress enacted the Real Estate Settlement Procedures Act in 1974 to shield home buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Section 2607(a) of RESPA proscribes giving or accepting "any fee, kickback or thing of value pursuant to any agreement or understanding ... that business incident to or a part of a real estate settlement service ... shall be referred to any person." 12 U.S.C. § 2607(a). Section 2607(a) of RESPA similarly prohibits the payment of any percentage or division of a charge except for services actually rendered. 12 U.S.C. § 2607(b). Section 2607(c) provides a safe harbor, however, stating in relevant part that "nothing in this section shall be construed as prohibiting ... (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed[.]" 12 U.S.C. § 2607(c)(2).

The difficulty in applying Section 2607 to yield spread premiums is determining when such a payment is "for goods or facilities actually furnished or for services actually performed." In an official policy statement, the United States Department of Housing ("HUD") "explained Regulation

9

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

X" and the provisions of the RESPA.  64 Fed. Reg. 10080.  <u>The policy statement indicates</u>

<u>unequivocally that HUD does not consider yield spread premiums to be per se legal or illegal</u>.  64

Fed. Reg. 10084.

Moreover, the HUD developed a two-part test for determining liability under Section 2607. *Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003).  The first part of the test requires a determination of whether the yield spread premium was exchanged for goods, facilities, or services actually provided.  347 F.3d at 751.  If the yield spread premium was paid to broker in exchange for goods or services, then the next part of the test is whether the payment bears a reasonable relationship to the goods or services provided. *Id*. HUD considers the reasonableness prong of the test to be "determinative." *Id*.  This test has been adopted by the majority of courts in applying Section 8 to yield spread premiums.  *See, e.g.*, *LaCasse*, 198 F. Supp. 2d 1255, Slip Op. (W.D. Wash. March 15, 2002); *Bjustrom*, 178 F. Supp.2d at 1196; *Drootman v. First Nationwide Bank, No*. 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999).

In this case, Plaintiff fails to state a claim under Section 2607 of RESPA because Plaintiff fails to allege facts that the yield spread premium payments (1) were not for goods or services, and (2) did not bear a reasonable relationship to any goods or services provided.  *See* Complaint, ¶ 53. Instead, Plaintiff simply alleges that "Defendants" paid or accepted fees or kickbacks.  *See* Complaint, ¶ 53.  Such conclusory allegation fails to plead facts conforming to the rule of liability set forth in the HUD's test for liability.  Moreover, Plaintiff fails to allege any facts that, if proven would demonstrate that the yield spread premium was not paid as compensation for goods or services in connection with the subject loan, or that it does not bear a reasonable relationship to any goods or services that were actually provided in connection with same.

**E.**   **<u>The Claim "To Set Aside And Vacate Trustee's Sale Under Cal. Civil Code §</u>**

**<u>3412" Fails</u>**

**1.**   **<u>The Claim Is Premature As No Trustee's Sale Occurred</u>**

Plaintiff's "To Set Aside and Vacate Trustee's Sale under Cal. Civil Code § 3412" claim is premature, as there was no trustee's sale of the Subject Property alleged in the Complaint.  *See* Complaint.   A lender or foreclosure trustee may only be liable to the mortgagor or trustor for

10

ALVARADO SMITH
ATTORNEYS AT LAW
SANTA ANA

wrongful foreclosure if the property <u>was fraudulently or illegally sold under a power of sale in a</u>

<u>deed of trust</u>. *Munger v. Moore*, 11 Cal.App.3d 1, 7-8 (1970). In this case, the cause of action to set

aside the trustee's sale is fatally flawed for one basic reason – Plaintiffs do not allege, nor do the

documents recorded in connection with the Subject Property reveal, that there was a trustee's sale of

the Subject Property. *See* Complaint; *see also* RJN, Exhibits 1-4. Therefore, the claim for

wrongful foreclosure is <u>not yet ripe and is premature</u> because the parties remain in the same position

now as they were prior to this lawsuit. *Schell v. Southern California Edison Co.*, 204 Cal.App.3d

1039, 1047 (1988); *see also, Spencer v. Crocker First Nat. Bank*, 86 Cal.App.2d 397, 402-403

(1948); *Industrial Indemnity Co. v. Mazon*, 158 Cal.App.3d 862, 866 (1984). Given Plaintiff's

current position as owner of the Subject Property, any premature adjudication of this matter would

require this Court to provide an advisory opinion as to questions of law. Thus, the cause of action

will remain flawed until the foreclosure sale is completed, and Plaintiff cannot state a claim to set

aside and vacate trustee's sale.

### F.    The Claim For "Unjust Enrichment" Fails

The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust

retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723,

726 (2000). An action for unjust enrichment is based on the principal that, "a person who has been

unjustly enriched <u>at the expense of another</u> is required to make restitution to the other."[3] (Emphasis

added) *First Nationwide Savings v. Perry,* 11 Cal.App.4th 1657, 1662 (1992) (citations omitted).

In this case, Plaintiff fails to identify any "benefit" Defendants received from Plaintiff. *See*

Complaint, ¶ 59. Instead of identifying a benefit, or anything that Defendants allegedly received,

Plaintiff merely refer to "the unlawful foreclosure of Plaintiff's property." *Id*. Moreover, Plaintiff

does not allege any facts to suggest that any "benefit" allegedly received by Defendants was unjustly

retained. *Id*. Such allegations are insufficient to state a claim for unjust enrichment.

---

[3] However, "the fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." (Citations omitted). *Id.* at 1663.

OPPOSITION TO APPLICATION FOR PRELIMINARY INJUNCTION

1162035.2                                                        10-CV-2168-IEG (JMA)

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

G.     **The Claim For "Promissory Estoppel" Fails**

Plaintiff's claim for "Promissory Estoppel" does not identify (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) reasonable and foreseeable reliance; and (4) the party asserting the estoppel must be injured by his reliance. *Thomson v. International Alliance of Stage Employees* (1965) 232 Cal. App. 2d 446, 454. The doctrine of promissory estoppel is inapplicable where no clear promise is made. *See, Division of Labor Law Enforcement v. Transpacific Trans. Co.* (1977) 69 Cal. App. 3d 268, 275; *Laks v. Coast Fe. Savings & Loans Assn.*, 60 Cal. App. 3d 885, 891(1976).

Here, Plaintiff fails to identify a promise by Defendants that they would indefinitely postpone foreclosure. *See* Complaint, ¶¶ 20-35. Likewise, Plaintiff does not allege that he took any action to rely on any such alleged promise. In fact, Plaintiff *does not* allege that he made any payments under the mortgage or the purported loan modification agreement during the period in which the loan modification was allegedly processed. *See* Complaint, ¶¶ 20-35.

Plaintiff further alleges he "reasonably relief on Defendants promise, assurance and representation … instead of seeking alternative financial and/or legal remedies to rescue the property." *See* Complaint, ¶ 63. The doctrine of promissory estoppel may be invoked to prevent a fraud, specifically "after one party has been induced by the other seriously to change his position in reliance on the contract." *Irving Tier Co. v. Griffin* (1966) 244 Cal. App. 852, 858. "[D]etrimental reliance is an essential feature of promissory estoppel." *Healy v. Brewster* (1963) 59 Cal. 2d 455, 463.

Here, as a matter of law, Plaintiff fails to establish detrimental reliance. Plaintiff did not "seriously change" his position. Plaintiff does not allege facts that could establish that he would have been successful in delaying the foreclosure sale, renegotiating his loan or obtaining a new loan, and retaining possession of the home.

H.     **The Claim For "Action For An Accounting" Fails**

The elements for a claim for accounting are: (1) the fiduciary relationship or other circumstances appropriate to the remedy, and (2) a balance due from the defendant to the Plaintiff that can only be ascertained by an accounting. *See*, Witkin, <u>California Procedure</u>, Pleadings, § 776,

12

pg. 233 (4th ed.)

Here, Plaintiff's cause of action fails to allege the elements required to successfully state a claim for an accounting. As to the first element, Plaintiff fails to allege that Defendants acted in a fiduciary capacity toward Plaintiff. *See* Complaint, ¶¶ 66-68. Further, Plaintiff fails to plead the second element of the accounting claim, namely, that there is a balance due to Plaintiff from Defendants. Plaintiff alleges that "Defendants have received proceeds from the unlawful sale of the Subject Property[.]" *See* Complaint, ¶ 66. However, as discussed above, there has been no sale of the Subject Porperty. Accordingly, Plaintiff has failed to successfully plead the second element of an accounting claim. *See*, Witkin, <u>California Procedure</u>, Pleadings, § 776, pg. 233 (4th ed.). As such, Plaintiff's claim for an accounting fails.

## I.   **The Claim For "Breach Of Implied Warranties" Fails**

In support of the claim that Defendants violated Cal. Civil Code § 1750 et seq. under the Consumer Legal Remedies Act ("CLRA"), Plaintiff alleges that "Defendants…engaged in unfair or deceptive acts." *See* Complaint, ¶ 73. However, Plaintiff fails to elaborate on what "unfair or deceptive acts" Defendants engaged in that would be in violation of the CLRA.

### 1.   **The CLRA Does Not Apply**

There is no indication that the subject transaction falls under the scope of the CLRA. As noted in *McKell v. Washington Mutual Bank, Inc.* 142 Cal.App.4th 1457, 1488, fn. 1:

> The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, ... including goods which, at the time of the sale or subsequently, are to be so affixed to real property as to become part of real property, whether or not severable therefrom." (Civ.Code, § 1761, subd. (a).) It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." (*Id.*, subd. (b).)

*Id.* at pg. 1488.

In *McKell* mortgagers brought a class action against lender claiming violations of the CLRA, among other claims, in connection with alleged overcharging for underwriting, tax services, and wire transfer fees in conjunction with home loans. *Id.* The Court of Appeal concluded that such acts did not fall under the scope of the CLRA stating the actions of the lender "were undertaken in transactions resulting in the sale of real property. The CLRA thus is inapplicable and plaintiffs have

13

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

demonstrated no error in the trial court's sustaining of defendants' demurrer without leave to amend as to their CLRA cause of action." *Id.* at pg. 1488.

In addition, the United States District Court, Northern District, in finding that the CLRA did not apply to mortgage loans, noted:

> [T]he California Supreme Court held that life insurance is not covered by the CLRA because it is not a good or service as defined by the Act. [Citation]. The court rejected the plaintiff's argument that "the work or labor of insurance agents and other insurance company employees [ (1) ] in helping consumers select policies that meet their needs, [ (2) ] in assisting policyholders to keep their policies in force, and [ (3) ] in processing claims are services that are sufficient to bring life insurance within the reach of the CLRA." [Citation]. Absent from the Complaint is any allegation with respect to the "services" purportedly rendered by Defendants as that term is defined by the CLRA…*Fairbanks* thus indicates that loans are intangible goods and that ancillary services provided in the sale of intangible goods do not bring these goods within the coverage of the CLRA. [Citations].

*Consumer Solutions REO, LLC v. Hillery* 658 F.Supp.2d 1002, 1016-1017 (N.D.Cal. 2009), citing *Fairbanks v. Superior Court*, 46 Cal.4th 56, 65 (2009).

Thus, since the alleged acts purportedly undertaken by Defendants that were in connection with an alleged loan modification of a mortgage loan, such acts do not constitute "services" for purposes of the CLRA.

### 2. Even Assuming the CLRA Applied, Plaintiff Failed To Comply With The Notice Requirements

Even assuming the CLRA applied to this matter, Plaintiff failed to comply with the notice requirements. In particular, Cal. Civil Code § 1782 provides that prior to filing an action for damages under the CLRA and thirty (30) days or more before commencement of an action for damages, the consumer must: (1) notify the person alleged to have employed or committed methods, acts, or practices declared unlawful under Cal. Civil Code § 1770; and (2) demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to in violation of Cal. Civil Code § 1770.

Here, conspicuously absent from the Complaint is any allegation that such notice was given within the requisite time period. *See,* Complaint. Therefore, the Plaintiff's cause of action for violation of Cal. Civil Code § 1770 fails.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

14

**J.    Plaintiff Fails To State A Cause For Violations Of California Business & Professions Code Section 17200**

**1.    Plaintiff Lacks Standing to Assert a Claim Under Section 17200**

Prior to its amendment in 2004, Business and Professions Code section 17200 and related provisions permitted any person acting for the general public to sue for relief from unfair competition and did not predicate standing on a showing of injury or damage. *Californians for Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006).  As amended by Proposition 64, section 17204 now limits standing in a Section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of ... unfair competition." *Id.*

Plaintiff lacks standing to allege a violation of Section 17200.  Plaintiff alleges that Defendants' conduct was "unfair and fraudulent." *See* Complaint, ¶ 85.  However, Plaintiff does not allege sufficient facts to prove he suffered an injury in fact, or even that they lost any money or property as a result of the purported "unfair and fraudulent" conduct.  *Id.*  None of the purported misdeeds that are set forth in the Complaint demonstrate that Plaintiffs suffered a monetary or property loss as a result of any unfair competition. The facts alleged are that plaintiff was in default and did not cure it prior to foreclosure, and as such, Plaintiff has no standing to assert this claim.

**2.    Plaintiff Fails to State Facts Constituting Unfair Business Practices**

Plaintiff's ninth claim alleges unfair business practices under California Business and Professions Code §§ 17200 ("UCL").

The UCL defines "unfair competition" as one of the following wrongs: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by section 17500-17577.  *See* California Business and Professions Code § 17200.

In order to hold defendants liable for any of these business acts or practices, Plaintiff must allege that defendants participated in these practices. *See Emry v. Visa International Service Ass'n,* 95 Cal. App. 4th 952, 960 (2002) ("*Emry*") (a defendant's liability must be based on his personal "participation in the unlawful practices" and "unbridled control" over the practices that are found to

15

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1  violate section 17200.)

2      Furthermore, in order to allege an unlawful business practice under the UCL, the plaintiff

3  must allege facts to demonstrate that the practice violates an underlying law. *See People v. McKale*,

4  25 Cal.3d 626, 635 (1979). These facts must be alleged with reasonable particularity. *Khoury v.*

5  *Maly's of California*, 14 Cal.App.4th 612, 619 (1993) ("A plaintiff alleging unfair business practices

6  under these statutes must state with reasonable particularity the facts supporting the statutory

7  elements of the violation.") Plaintiff does not allege that Defendants violated any law.

8      Here, Plaintiff's UCL claims are wholly inadequate. Plaintiff simply alleges that Defendants

9  "have a pattern and practice of defrauding borrowers through the personal misuse of their real

10  property assets." *See* Complaint, ¶ 76. However, as discussed *supra*, those claims are either not

11  available as to JPMorgan, are barred by the applicable statute of limitations, or are inadequately

12  plead. Moreover, Plaintiff does not allege any specific misconduct against JPMorgan under the

13  UCL. Washington Mutual Bank was the original lender. JPMorgan did not obtain an interest in the

14  Subject Loan until September 25, 2008, when it acquired the Subject Loan, along with other assets,

15  from the FDIC, acting as receiver. *See* RJN, Exhibits 1 and 5.

16          **3.    Plaintiff Has Not Alleged A Basis For A Fraud Claim**

17      The tenth and eleventh claims based the UCL action on fraud. The elements for fraud are as

18  follows: (1) a false representation of a material fact, (2) knowledge of the falsity (*scienter*), (3) intent

19  to induce another into relying on the representation, (4) reliance on the representation, and (5)

20  resulting damage. *Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968). The particularity requirement

21  for fraud mandates pleading facts that "the times, dates, places, benefits received, and other details of

22  the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

23      Additionally, Rule 9 (b) of the Federal Rules of Civil Procedure mandates that a plaintiff

24  alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed.

25  R. Civ. Pro. 9(b). Rule 9(b) serves to furnish defendant with notice, but also imposes the additional

26  obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re*

27  *GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The *GlenFed*

28  court interpreted 9(b) to require allegations not only as to the time, place and content of the alleged

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

16

1   misrepresentation, but also the circumstances indicating false statements: "[t]o allege fraud with

2   particularity, a plaintiff must set forth more than the mutual facts necessary to identify the

3   transaction; the plaintiff must set forth what is false or misleading about a statement, and why it is

4   false. In other words, the plaintiff must set forth an explanation as to why the statements or

5   omissions complained are misleading." *Id.* at 1547-48; *see also Edwards v. Marin Park, Inc.*, 356

6   F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule 9(b), [the]

7   complaint would need to state the time, place, and specific content of the false representations as

8   well as the identities of the parties to the misrepresentation.") (internal quotations omitted).

9          In addition, to assert a fraud action against a corporation, a plaintiff must also allege the

10   names of the person or persons who allegedly made the fraudulent representation, their authority to

11   speak, to whom they spoke, what they said or wrote, and when it was said or written. *In Re GlenFed*

12   *Inc. Securities Litigation*, 42 F.3d 1541, 1547 (9th Cir. 1994); *see also Neubronner v. Milken*, 6 F.3d

13   666, 672 (9th Cir. 1993).

14          Plaintiff's conclusory allegations are that Defendants engaged in unfair and fraudulent acts

15   and intended plaintiff's rely on misrepresentations in connection with the loan modification program.

16   *See* Complaint, ¶ 83-88, 90-94. Plaintiff fails to state with the requisite specificity the "times, dates,

17   places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken,*

18   6 F.3d 666, 672 (9th Cir.1993).

19          Plaintiff never idenitifies which defendants allegedly made which representation(s). Indeed,

20   JPMorgan could not have engaged in any fraud with respect to the underlying loan transactions since

21   it was not a party to the Loan.

22          Additionally, Plaintiff fails to satisfy the remaining elements to maintain a claim for fraud.

23   In particular, Plaintiff fails to allege with the requisite specificity any falsity in the alleged

24   representation. *See id.* As such, Plaintiff's allegation is devoid of any factual basis. Plaintiff also

25   fails to adequately allege the remaining elements, including, knowledge of the falsity (second

26   element), that Defendants intended to induce Plaintiff into relying on any representation (third

27   element), that Plaintiff relied on any representation by Defendants (fifth element) or any resulting

28   damage (sixth element). Plaintiff's conclusory allegations are insufficient to state a cause of action

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

17

1   for fraud.

2   **K.     The Claim For "Negligence" Fails To State A Claim**

3          An action for negligence must allege (1) defendant's legal duty of care toward plaintiff; (2)

4   defendant's breach of that duty; (3) injury to Plaintiffs as a result of the breach- proximate or legal

5   cause; and (4) damage to plaintiff. *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508,

6   514 (1978). A duty of care owed to a plaintiff is a prerequisite to establishing a claim for negligence.

7   *Beauchamp v. Los Gatos Golf Course*, 273 Cal.App.2d 20, 32 (1969). The existence and scope of a

8   legal duty are questions for the court. *Merrill v. Navegar, Inc.,* 26 Cal.4th 465, 477 (2001).

9          Additionally, a lender is only liable to a borrower for negligence when the lender "actively

10  participates" in an enterprise beyond the domain of the usual moneylender. *Wagner v. Benson,* 101

11  Cal.App.3d 27, 34-35 (1980)*; Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.2d 850, 864

12  (1968); *Bradler v. Craig*, 274 Cal.App.2d 466, 476 (1969). Normal supervision of the enterprise by

13  the lender for the protection of its security interest in loan collateral is not "active participation."

14  *Meyers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312 (1978).

15         Preliminarily, Plaintiff's Complaint fails to allege that the Defendants owed them a

16  cognizable legal duty. Such an allegation is, as a matter of law, insufficient to establish duty.

17  Plaintiff fails to plead any facts that Defendants acted in any capacity beyond the domain of a usual

18  moneylender or loan servicer. Moreover, Plaintiff has failed to allege that the Defendants engaged

19  in any "active participation beyond the domain of the usual moneylender" as required under *Wagner*

20  and *Meyers, supra*.

21         Additionally, Plaintiff fails to plead any facts to support the other elements of negligence,

22  including breach, causation, or damages. Indeed, Plaintiff does not address how Defendants have

23  caused him to suffer damages when he failed to pay the loan.

24         Based on the foregoing, Plaintiff's cause of action for negligence fails.

25  **L.     The Claim For "Declaratory Relief" Fails**

26         The court can refuse to issue a judicial declaration in a case in which a judicial determination

27  or declaration is not necessary or proper. Code of Civil Procedure § 1061. It is axiomatic that a

28  cause of action for declaratory relief serves the purpose of adjudicating *future* rights and liabilities

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

18

between parties. *See Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) [Emphasis added]; *Bachis v. State Farm Mutual Auto. Ins. Co.*, 265 Cal.App.2d 722 (1968). Moreover, where the "rights of the complaining party have crystallized into a cause of action for past wrongs," a decision to sustain a demurrer to a cause of action for declaratory relief will be upheld. *See id.* at 397-398; *see also Bachis*, 265 Cal.App.2d 726-728 (1968).

Here, there is no occasion defining the respective rights of the parties to govern the future conduct of the parties. Although courts have held that a plaintiff is entitled to declaratory relief whether or not the facts alleged establish that plaintiff is entitled to a favorable declaration (*See, Bennett v. Hibernia Bank* 47 Cal.2d 540, 550 (1956), other cases have held that a trial court's sustaining of a general demurrer without leave to amend when a complaint "makes no case on the merits and the declaratory relief action would merely produce a useless trial" was not an abuse of discretion. *Silver v. City of Los Angeles* 217 Cal.App.2d 134, 141-142 (1963); *see Konecko v. Konecko* 164 Cal.App.2d 249, 253 (1958) [finding that when facts alleged do not entitle plaintiff to relief, court not required to permit useless trial and plaintiff cannot be prejudiced by dismissal of action]; *see also, State Farm Fire & Cas. Co. v. Superior Court* 191 Cal.App.3d 74, 76 (1987) ["where the facts relied on by plaintiff do not support a declaration in his favor as a matter of law, demurrer is proper."]

Here, Plaintiff's declaratory relief claim is identical to his other claims. Plaintiff is merely using the declaratory relief claim as a vehicle to circumvent the pleading requirements his other alleged claims. As discussed *supra*, none of the prior claims are stated. Consequently, Plaintiff cannot state a cause of action for declaratory relief based on the same flawed theories.

## IV.   THE HARM TO DEFENDANTS WOULD BE GREATER THAN ANY HARM TO PLAINTIFF

Plaintiff is seeking to enjoin the foreclosure proceedings on the Subject Property despite the default under the Loan. Plaintiff's request is improper, and the Court should not issue any injunction, because the harm to Defendants would be greater than any harm to Plaintiff. Plaintiff defaulted on the Loan and, per the NOD, as of March 11, 2010, the amount in arrears was $285,775.39. *See* RJN, Exhibit 3.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

The Loan was made in consideration for the borrower's promise that it would be repaid. If not repaid pursuant to its terms and conditions, the lender has the right to foreclose. The Loan was not repaid according to its terms, and accordingly, foreclosure proceedings were initiated to sell the Subject Property at a trustee's sale to cure the unpaid loan balance. Further, the Notice of Trustee's Sale recorded on July 1, 2010, indicates that the estimated unpaid balance on the Loan at the time of its recordation was $2,797,195.52. *See* RJN, Exhibit 4.

Since Plaintiff's claims fail and the hardship weighs in favor of Defendants, Plaintiff cannot meet the elements for the issuance of a preliminary injunction and the Motion must be denied.

## V.   IN THE UNLIKELY EVENT THAT THE COURT ISSUES A PRELIMINARY INJUNCTION, DEFENDANTS ARE ENTITLED TO AN UNDERTAKING

Federal Rules of Civil Procedure, Rule 65 (c) provides that:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security. *See,* F.R.C.P, 65(c)

Case law further allows the Court to require the amount of the undertaking to reflect the "reasonably foreseeable" damages of the restrained party caused by a wrongfully issued injunction. *Abba Rubber Co. v. Seaquist*, 235 Cal.App.3d 1, 14 (1991). Reasonably foreseeable damages include lost profits and attorneys' fees incurred in an appeal of the preliminary injunction or in defending against those causes of action upon which the preliminary injunctive relief had been granted. *Id.* at 16.

Defendants estimate that it would take approximately 6 months for counsel for Defendants to conduct discovery and depositions to set this matter for a dispositive motion. *See* Declaration of Alyson M. Dudkowski ("Dudkowski Decl."), ¶ 3. Thus, Defendants estimate that it would be required to expend approximately $25,000.00 to defend Plaintiff's claims against Defendants. *Id.*

Moreover, Plaintiff would be residing at the Subject Property without making any mortgage payments or rent payments. Because the original loan amount was $2,250,000.00, the monthly rent is at least $13,489.89 ($2,250,000.00 at 6% interest for 30 years). *See* Dudkowski Decl., ¶ 4. Thus, the reasonable rental value for six months would be $80,939.34 ($13,489.89 x 6). *Id.* Here, in the

20

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

unlikely event that a preliminary injunction should be issued, the amount of undertaking should be no less than $105,939.30 to account for the reasonable monthly payment in connection with the subject loan obligation and the attorneys' fees and costs to be incurred in this action.  Also, there is a distinct possibility that Plaintiff may cause physical damage to the Subject Property.

In the unlikely event that a preliminary injunction should be issued, the amount of undertaking should be no less than $105,939.34 to account for the attorneys' fees and costs to be incurred in this action plus the lost rental value of the Subject Property.  *See* Dudkowski Decl., ¶ 5. Alternatively, Plaintiff should be required to make a monthly payment of $13,489.89 to maintain the injunction.  *Id.*

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction and Order to Show Cause as to a Preliminary Injunction.


DATED:  November 22, 2010,                    ALVARADOSMITH
                                              A Professional Corporation

                                              By:   /s/ Alyson M. Dudkowski
                                                    JOHN M. SORICH
                                                    S. CHRISTOPHER YOO
                                                    Attorneys for Defendants
                                                    JPMORGAN CHASE BANK, N.A., AN
                                                    ACQUIRER OF CERTAIN ASSETS AND
                                                    LIABILITIES OF WASHINGTON MUTUAL
                                                    BANK FROM THE FDIC ACTING AS
                                                    RECEIVER, erroneously sued as JP MORGAN
                                                    BANK; and CALIFORNIA RECONVEYANCE
                                                    COMPANY

## DECLARATION OF ALYSON M. DUDKOWSKI

I, Alyson M. Dudkowski , declare as follows:

1.      I am a member of the law firm of AlvaradoSmith, a Professional Corporation, attorneys of record herein for defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, and California Reconveyance Company ("CRC" and collectively, "Defendants"), in the above-referenced action ("Action").  I have been duly admitted to practice law in the State of California.  If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2.      I submit this declaration in support of Defendants' Opposition to the Motion for Preliminary Injunction and Order to Show Cause as to a Preliminary Injunction ("Motion") of plaintiff Kaveh Khast ("Plaintiff").

3.      I estimate that it would take approximately 6 months for my firm to conduct necessary discovery (including depositions) to set this matter for a dispositive motion.  Thus, I estimate that Defendants would be required to expend approximately $25,000.00 to defend the claims of Plaintiff against Defendants.

4.      Further, the reasonable rent value would be approximately $13,489.89 ($2,250,000.00 at 6% interest for 30 years).  Thus, the reasonable rental value for six months would be $80,939.34 ($13,489.89 x 6).

5.      Accordingly, amount of undertaking should be no less than $105,939.34 to reflect the lost profits and reasonable attorneys' fees and costs to be incurred to eventually dissolve the injunction.  Alternatively, Plaintiff should be required to make a monthly payment of $13,489.89 to maintain the injunction.

I declare under penalty of perjury under the laws of the State of California and the Laws of the United States that the foregoing is true and correct.  Executed on November 22, 2010, at Santa Ana, California.

/s/  Alyson M. Dudkowski
ALYSON M. DUDKOWSKI

# PROOF OF SERVICE

## STATE OF CALIFORNIA, SOUTHERN DISTRICT OF CALIFORNIA
### KAVEH KHAST v. JP MORGAN BANK et al.
### CASE NO.: 10-CV-2168-IEG (JMA)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707.**

ON NOVEMBER 22, 2010, I SERVED THE FOREGOING DOCUMENT DESCRIBED AS **OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE AS TO A PRELIMINARY INJUNCTION** ON THE INTERESTED PARTIES IN THIS ACTION.

☑      by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒      **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐      **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐      **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐      **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒      (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 22, 2010, at Santa Ana, California.

Kimberly Riley

1

### SERVICE LIST
KAVEH KHAST v. JP MORGAN BANK et al.

2

3   Kaveh Khast                                    (858) 250-7620
    7234 Encelia Dr.
4   La Jolla, CA92037                              In Pro Per

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28