1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH KHAST,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK; JP MORGAN BANK; CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 10, inclusive<br><br>　　　　　　　　Defendants. | **CASE NO: 10-CV-2168-IEG (JMA)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>[Doc. Nos. 1 & 4] |

　　　　Presently before the Court is Plaintiff's motion for a preliminary injunction.  Doc. Nos. 1 & 4.  Plaintiff requests that the Court enjoin Defendants from foreclosing upon and selling his home. For the reasons stated herein, the Court DENIES the motion.

## BACKGROUND

　　　　The factual background of this case, as described in Plaintiff's Verified Complaint, is fully set forth in the Court's October 26, 2010, order and will not be repeated herein.

　　　　On October 18, 2010, Plaintiff, proceeding *pro se*, filed a complaint against Defendants Washington Mutual Bank ("WaMu"), JPMorgan Chase Bank, N.A., ("Chase" or "JPM Chase"), and California Reconveyance Company ("CRC"), within which Plaintiff also requested a temporary restraining order and a preliminary injunction.  The Court heard oral argument in

support of a temporary restraining on October 25, 2010.  Defendants did not appear for that hearing or file an opposition to Plaintiff's motion.

The Court issued a temporary restraining order on October 26, 2010, enjoining Defendants from foreclosing upon and selling Plaintiff's home.  The Court initially scheduled the hearing on Plaintiff's motion for a preliminary injunction for November 10, 2010, but continued the hearing upon Defendants' request to December 3, 2010.

Defendants filed an opposition to Plaintiff's motion for a preliminary injunction on November 22, 2010.  Doc. No. 20.  On November 29, 2010, Plaintiff filed a notice of substitution of attorney, naming Ahren A. Tiller as counsel, and a reply in support of his motion for a preliminary injunction.  Doc. Nos. 21 & 22.  The Court heard oral argument on December 3, 2010.

## LEGAL STANDARD

In determining whether to grant a temporary restraining order or preliminary injunction, the Court applies the preliminary injunction standard articulated in <u>Winter v. Natural Resources Defense Council, Inc.</u>, --- U.S. ---, 129 S. Ct. 365 (2008).  A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  <u>Id.</u> at 374.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  <u>Id.</u> at 375-76.

## DISCUSSION

The Court issued a temporary restraining order based on two of Plaintiff's claims—violations of California's Unfair Competition Law ("UCL") and promissory estoppel—both of which stem from allegations of wrongdoing by WaMu.  Chase argues that it is not a proper defendant for any claims arising from the actions of WaMu or its representatives.  Plaintiff has not alleged that Defendant CRC may face liability for WaMu's actions.  For the reasons discussed below, the Court finds that Plaintiff has not sufficiently shown that he has brought his claims against the proper defendants.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver.  Defs.' Opp'n, at 4; see also Rosenfeld v. JPMorgan Chase Bank, N.A., --- F. Supp. 2d ---, 2010 WL 3155808, at *1 (N.D. Cal. 2010).  On the same date, Chase entered into a Purchase & Assumption Agreement ("P&A Agreement") with the FDIC, under which Chase assumed ownership and control of certain of WaMu's assets and liabilities.[1]  Defs.' Opp'n, Ex. 5 (the P&A Agreement).  Pursuant to the P&A Agreement, Chase acquired WaMu's interest in Plaintiff's loans.

Section 2.5 of the P&A Agreement expressly insulates Chase from "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower."[2]  Thus, the FDIC, not Chase, is the proper successor-in-interest for "borrower claims."  E.g., Caravantes v. Cal. Reconveyance Co., No. 10-CV-1407-IEG (AJB), 2010 WL 4055560, at *3 (S.D. Cal. Oct. 14, 2010); Rosenfeld v. JPMorgan Chase Bank, N.A., ---F. Supp. 2d---, 2010 WL 3155808, at *3-4 (N.D. Cal. 2010); Jarvis v. JP Morgan Chase Bank, N.A., No. CV 10-4184-GHK (FMOx), 2010 WL 2927276, at *2 (C.D. Cal. Jul. 23, 2010).  Under Section 2.1 of the P&A Agreement, however, Chase

---

[1] The Court takes judicial notice of the P & A Agreement between JPMorgan Chase and the FDIC, attached as Exhibit 5 to Defendants' opposition, because this agreement is a matter of public record whose accuracy cannot reasonably be questioned. See FED. R. EVID. 201(a); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); see also FDIC, http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf (a copy of the P&A Agreement available online).

[2] Section 2.5, entitled "Borrower Claims," provides:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

"specifically assumes all mortgage *servicing* rights and obligations of [WaMu]."[3]   P&A Agreement § 2.1 (emphasis added).

Plaintiff has alleged, and Chase conceded in open court, that Chase's only interest in Plaintiff's loan is that of its servicer.  Plaintiff thus urges the Court to find that the mortgage servicing "obligations" contemplated under Section 2.1 include liability for claims stemming from alleged wrongdoing by WaMu.

Whether Chase may face liability for WaMu's actions as a loan servicer remains somewhat unsettled.  However, under circumstances similar to those in this case, other federal courts have characterized claims like Plaintiff's as "borrowers' claims" and held that Section 2.5 of the P&A Agreement bars claims against Chase.  See, e.g., Rosenfeld, 2010 WL 3155808, at *4; Dubois v. WaMu, No. 09-2176 (RJL), 2010 U.S. Dist. LEXIS 91855, at *6-7 (D.D.C. Sept. 3, 2010) (holding, in a case where Chase assumed from WaMu an interest as servicer of the plaintiff's loan, that the P&A Agreement bars the plaintiff's claims against Chase for WaMu's alleged malfeasance); Cassese v. Wash. Mut. Bank, 2:05-cv-02724-ADS-ARL, slip op. at 6 (E.D.N.Y. Dec. 22, 2008) (finding that Section 2.5 insulates Chase from liability for claims that WaMu, *inter alia*, imposed unlawful fees and penalties in its capacity as *servicer* of plaintiffs' mortgage loans).

Furthermore, the cases upon which Plaintiff relies do not directly support Plaintiff's construction of the P&A Agreement.

In Punzalan v. FDIC, the plaintiffs attempted to avoid dismissal of their claims *against the FDIC* for failure to exhaust administrative remedies before filing suit in federal court.  See 633 F. Supp. 2d 406, 414 (W.D. Tex. 2009).  Plaintiffs attempted to argue that Chase assumed

---

[3] Section 2.1 of the P&A Agreement, entitled "Liabilities Assumed by Assuming Bank," provides:

Subject to Sections 2.5 and 4.8, the Assuming Bank expressly assumes at Book Value (subject to adjustment pursuant to Article VIII) and agrees to pay, perform, and discharge, all of the liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing, including the Assumed Deposits and all liabilities associated with any and all employee benefit plans, except as listed on the attached Schedule 2.1, and as otherwise provided in this Agreement (such liabilities referred to as "Liabilities Assumed"). Notwithstanding Section 4.8, the Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.

liability for their lawsuit under Section 2.1 of the P&A Agreement.   The court dismissed plaintiffs' claims against the FDIC, and expressly refused to take a "position on the proper construal of the P&A Agreement, or the question of whether Chase Bank has indeed assumed the [plaintiffs'] claims." Id. at 414 n.5.

In Biggins v. Wells Fargo, the court held that plaintiffs' claims fell under Section 2.5 and dismissed all claims against Chase, without leave to amend.  266 F.R.D. 399, 414-15 (N.D. Cal. 2009).  The court also noted that, though plaintiffs asserted that Chase was liable as a servicer of their loans, plaintiffs' claims stemmed from the origination of the loans and none of the plaintiffs had alleged that Chase serviced their loans. Id. at 415.  Thus, the court did reach the issue of whether Chase may face liability for WaMu's misdeeds as a servicer of home loans.

The court, in Allen v. United Fin. Mortg. Corp., dismissed all fraud related claims against Chase and other defendants because the plaintiffs had failed to plead with particularity.  660 F. Supp. 2d 1089, 1096 (N.D. Cal. 2009).  The court did not make any finding related to Chase's potential liability as WaMu's successor-in-interest.  Instead, the court simply stated that it would "welcome further briefing on the issue." Id. at 1096 n.7.  The court noted that, under the P&A Agreement, it appeared Chase had assumed all of WaMu's "mortgaging servicing rights and obligations," but it did not discuss the nature or scope of those obligations. Id.  Furthermore, in a subsequent order, the Allen court interpreted Section 2.1 to permit claims against Chase that arose from *Chase's* actions as servicer of the plaintiff's loans, which occurred *after* the P&A Agreement took effect on September 25, 2008. See Allen v. United Fin. Mortg. Corp., No. 09-2507 SC, 2010 WL 1135787, at *3-4 (N.D. Cal. Mar. 22, 2010) [hereinafter Allen II].  Allen II did not hold that the P&A Agreement permits Chase to face liability for WaMu's misdeeds as a loan servicer before the P&A Agreement took effect.

Plaintiff has failed to sufficiently show that his UCL and promissory estoppel claims are properly brought against Chase as a successor-in-interest to WaMu.  Because it appears that Chase is not the proper defendant, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits.  As a result, the Court need not address the remaining prongs of the standard for issuing a preliminary injunction.  Plaintiff's motion is DENIED.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for a preliminary injunction.

**IT IS SO ORDERED.**

**DATED:** 12/9/2010

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**