# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH KHAST,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK; JP MORGAN BANK; CALIFORNIA RECONVEYANCE COMPANY, and DOES 1 through 10, inclusive<br><br>　　　　　　　Defendants. | **CASE NO: 10-CV-2168-IEG (JMA)**<br><br>**ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANTS JP MORGAN CHASE AND CALIFORNIA RECONVEYANCE COMPANY**<br><br>[Doc. No. 18] |

Presently before the Court is the motion to dismiss Plaintiff Kaveh Khast's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company. This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court GRANTS the motion to dismiss.

## **BACKGROUND**

The factual background of this case, as described in Plaintiff's Verified Complaint, is fully set forth in the Court's October 26, 2010, order and will not be repeated herein.

On October 18, 2010, Plaintiff, proceeding *pro se*, filed a complaint against Defendants Washington Mutual Bank ("WaMu"), JPMorgan Chase Bank, N.A., ("Chase" or "JPM Chase"), and California Reconveyance Company ("CRC").  Plaintiff's complaint alleges thirteen causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and its implementing Federal Reserve Board Regulation, 12 C.F.R. § 226.23 ("Regulation Z"), against WaMu and Chase; (2) unfair debt collection practices in violation of the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, and in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, against Chase and CRC; (3) additional violations of RESPA, against all Defendants; (4) violations of CAL. CIV. CODE § 3412 (grounds for cancellation of a written instrument), against Chase and CRC; (5) unjust enrichment, against WaMu and Chase; (6) promissory estoppel, against Chase; (7) a demand for accounting, against WaMu and Chase; (8) breach of implied warranties and violations of California's Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1750-1784, against WaMu and Chase; (9) disgorgement under California's Unfair Competition Law ("UCL") CAL. BUS. PROF. CODE §§ 17200-17210, against WaMu and Chase; (10) fraud in violation of the UCL, against WaMu and Chase; (11) fraud in violation of the UCL, against Chase; (12) negligence, against all Defendants; and (13) declaratory relief, against WaMu and Chase.

Chase and CRC moved to dismiss Plaintiff's complaint on November 12, 2010.  On November 29, 2010, Plaintiff filed a notice of substitution of attorney, naming Ahren A. Tiller as counsel.  [Doc. No. 21.]  On December 7, 2010, Plaintiff, through his attorney, filed an opposition to Defendants' motion to dismiss.  [Doc. No. 28.]  Defendants submitted a reply brief in support of their motion.  [Doc. No. 32.]

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them

and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## DISCUSSION

Plaintiff alleges jurisdiction in this Court under 28 U.S.C. § 1331 (federal question jurisdiction), based on his TILA, FDCPA, and RESPA claims. Plaintiff alleges this Court has supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367. The Court finds that Plaintiff has failed to sufficiently state a claim under any federal cause of action. Therefore, Plaintiff's federal claims are dismissed, and the Court declines to retain jurisdiction over Plaintiff's remaining state law claims.

///

///

## I. CLAIMS PLAINTIFF CONCEDES ARE SUBJECT TO DISMISSAL

Plaintiff concedes that his third, seventh, eighth, and thirteenth causes of action—respectively, for alleged violations of RESPA, for an accounting, for breach of implied warranties under California's Consumer Legal Remedies Act, and for declaratory relief—should be dismissed. Accordingly, the Court DISMISSES those claims WITH PREJUDICE.

## II. PLAINTIFF'S REMAINING CLAIMS UNDER FEDERAL LAW

Plaintiff alleges jurisdiction in this Court under 28 U.S.C. § 1331 (federal question subject matter jurisdiction), based on his TILA and FDCPA claims.

### a. *Plaintiff's First Cause of Action: Truth In Lending Act Claims*

Plaintiff brings his first cause of action against Defendants WaMu and Chase for violations of TILA, 15 U.S.C. § 1601-1693, as well as TILA's implementing regulation (known as "Regulation Z"), 12 C.F.R. § 226.23. Plaintiff seeks to rescind the loan transaction as well as monetary damages. Both of Plaintiff's claims under TILA are time-barred.

TILA and its regulations require "a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). If the creditor provides such notice, TILA's "buyer's remorse" provision allows borrowers three business days to rescind the loan without penalty. 15 U.S.C. § 1635(a). If the creditor fails to deliver the notice and required material disclosures, the borrower may rescind the loan within three years after it was consummated. Id. § 1635(f); 12 C.F.R. § 226.23(a)(3). The statute of limitations for TILA claims begins to run when the loan transaction is executed. King v. California, 784 F.2d 910, 913 (9th Cir. 1986).

Plaintiff alleges that he entered into a mortgage agreement with WaMu on April 11, 2006, and WaMu failed to provide notice of his right to rescind as required under Regulation Z. Complaint, at ¶¶ 19, 46-49. Assuming the truth of Plaintiff's allegations, Plaintiff's right of rescission expired "three years after the date of consummation of the transaction"—April 11,

2009.  See 15 U.S.C. § 1635(f).  Plaintiff filed his complaint on October 18, 2010—over one year after his right to rescind expired.  Plaintiff's claim for rescission is thus time-barred.[1]

A plaintiff must bring an action for damages under TILA "within one year from the date of the occurrence of the violation"—i.e., the date the loan was executed.  See 15 U.S.C. § 1640(e); King, 784 F.2d at 913.  But Plaintiff did not file his complaint for more than four years after executing the loan agreement.[2]

While "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," King, 784 F.2d at 915, Plaintiff has not alleged specific facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence.  See Meyer v. Ameriquest Mortg. Co., 342 F.3 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling to TILA claim because the plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); Hubbard v. Fid. Fed. Bank, 91 F.3d 75, 79 (9th Cir.1996) (the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").  Plaintiff has not pleaded facts giving rise to equitable tolling.  Thus, the applicable statute of limitations bars Plaintiff's claim for monetary damages under TILA.

Accordingly, the Court DISMISSES Plaintiff's first cause of action WITHOUT PREJUDICE.

///

///

///

---

[1] Defendants state that Plaintiff entered into a second loan transaction—a home equity line of credit ("HELOC")—on March 13, 2007. Defs.' Mot. to Dism., at 3. Plaintiff has not based any of his current claims on this second loan. The Court notes, however, that Plaintiff's right to rescind the HELOC loan expired on March 13, 2010. Thus, any potential TILA claims related to the HELOC are also time-barred.

[2] More than three years in the case of the HELOC loan.

   b. *Plaintiff's Second Cause of Action: Fair Debt Collection Practices Act Claims*

Plaintiff's second cause of action is for unfair debt collection practices under the FDCPA, 15 U.S.C. § 1692-1692p against Chase and CRC. Plaintiff fails to state a claim under the FDCPA against either Defendant.

First, to face liability under the FDCPA, a defendant must be a "debt collector" as defined by 15 U.S.C. § 1692a(6). Geist, 2010 WL 4117504, at *2. Mortgagees and their beneficiaries, including mortgage servicing companies and trustee fiduciaries, are not "debt collectors" subject to the FDCPA. Lal v. Am. Home Serv., Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."); Connors v. Home Loan Corp., 2009 WL 1615989, at *5 (S.D. Cal. June 9, 2009) ("A mortgage servicing company is not a debt collector within the meaning of the FDCPA"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'"); see also Usher v. Chase Home Fin. LLC, 2010 WL 4008496, at *3-4 (E.D. Cal. Oct. 12, 2010) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) (alteration in original); Santos v. U.S. Bank, N.A., 716 f. Supp. 2d 970, 981-82 (E.D. Cal. 2010) (the originator of a mortgage refinance loan is not a "debt collector" under the FDCPA); Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009) (a successor mortgagee who purchased a loan and its underlying promissory note from the original mortgagee, and had initiated non-judicial foreclosure, was not a "debt collector" under the FDCPA).

Plaintiff has alleged, alternatively, that Chase holds or has held beneficial rights in Plaintiff's loan and that Chase holds or has held only servicing rights in Plaintiff's loan. See Pl.'s Opp'n, at 7. In either case, Plaintiff has not established that Chase is a "debt collector" that can face liability under the FDCPA. See Lal, 680 F. Supp. 2d at 1224. Nor has Plaintiff

established that CRC, the trustee, is a debt collector under the FDCPA. See id.; Mansour, 618 F. Supp. 2d at 1182.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's FDCPA claims against Chase and CRC.

### III.   PLAINTIFF'S REMAINING CLAIMS UNDER CALIFORNIA LAW

Plaintiff alleged jurisdiction in this Court based on federal question subject matter jurisdiction over his three federal law claims and supplemental jurisdiction over Plaintiff's state law claims. Because the Court has dismissed Plaintiff's claims under federal law, it has full discretion to decide whether to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."); Schneider v. TRW, Inc., 930 F.2d 986, 994 (9th Cir.1991). When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts. Gibbs, 383 U.S. at 726. Where federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice. Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).

Accordingly, Plaintiff's remaining claims under state law are DISMISSED WITHOUT PREJUDICE.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss and orders the following:

1. Plaintiff's claims under the Real Estate Settlement Procedures Act, for an accounting, for breach of implied warranties under California's Consumer Legal Remedies Act, and for declaratory judgment are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's claims under the Truth in Lending Act and the Federal Fair Debt Collection Procedures Act are **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff's remaining claims under California State law are **DISMISSED WITHOUT PREJUDICE.**

4. Plaintiff may file an amended complaint within twenty (20) calendar days from the date of this Order.

**IT IS SO ORDERED.**

DATED: 3/16/11

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**